# CITY OF MACON *v.* BENSON.

No. 8682.   JULY 13, 1932.
ADHERED TO ON REHEARING, SEPTEMBER 27, 1932.

504

*E. W. Maynard* and *Ellsworth Hall Jr.,* for plaintiff in error.
*John J. McCreary,* contra.

HILL, J.   After the decision of this case on July 13, a motion

for rehearing was granted. After consideration, the judgment is adhered to, but the opinion as originally filed is withdrawn, and the following is substituted therefor.

1. The Georgia workmen's compensation act approved August 17, 1920 (Ga. L. 1920, p. 167 et seq.), amended August 16, 19, 1922, August 18, 1923, August 27, 1925, and August 27, 1929, providing in part that "Employers shall include any municipal corporation within this State and any political division thereof, in so far as it applies to municipal corporations, does not violate art. 7, sec. 16, par. 1, of the constitution of the State of Georgia (Civil Code of 1910, § 6573), which declares that "The General Assembly shall not, by vote, resolution, or order, grant any donation or gratuity in favor of any person, corporation or association." Gray on Limitations of Taxing Powers &c. § 336; Com. ex rel. Philadelphia Police Pension Fund Asso. v. Walton, 182 Pa. 373 (61 Am. St. R. 712, 38 Atl. 790); Com. ex rel. Exempt Firemen's Benev. Fund v. Roome, 93 N. Y. 313, 45 Am. R. 217. See 34 L. R. A. (N. S.) 607, 609. "A statute must be construed, if fairly possible, so as to avoid, not only the conclusion that it is unconstitutional, but also grave doubts on that score." Panama R. Co. v. Johnson, 264 U. S. 375 (4) (44 Sup. Ct. 391, 68 L. ed. 748).

2. The Georgia workmen's compensation act (supra), in so far as it imposes liability without fault upon employers, and by section 2(a) includes municipal corporations within the classification of employers, is not in conflict with art. 7, sec. 6, par. 1, of the constitution (Civil Code of 1910, § 6561), which declares that "The General Assembly shall not authorize any county, *municipal corporation* [italics ours], or political subdivision of this State to become a stockholder in any company, corporation, or association, or to appropriate money for, or to loan its credit to, any corporation, company, association, institution, or individual, except for purely charitable purposes." The act is not unconstitutional for the alleged reason that it requires an appropriation of money for an injured employee without consideration, and is not for any charitable purpose. See authorities cited supra.

3. The following portion of the Georgia workmen's compensation act, 9 Park's Code Supp. 1922, § 3154(nnn), (Michie's Code, § 3154(66)): "Every employer who accepts the provisions of this act relative to the payment of compensation shall fully insure and

keep fully insured, unless otherwise ordered or permitted by the·
commission, his liability thereunder in some corporation, associa-
tion, or organization, licensed as provided by law to transact the
business of workmen's compensation insurance in this State, or in
some mutual insurance association formed by a group of employers
so licensed," is not in violation of art. 7, sec. 6, par. 1, of the con-
stitution of the State of Georgia, quoted above, for the reason as-
signed, that said portion of the act requires a municipality to ap-
propriate and donate money to a corporation to insure the mu-
nicipality against loss caused by injury, and also requires that a
municipal corporation become a stockholder in a mutual insurance
association, and to lend its credit to said corporation or said associa-
tion.

4. The following portion of section 59 of the workmen's com-
pensation act (9 Park's Code Supp. 1922, § 3154(ggg); Michie's
Code, § 3154(59)): "Any award of the commission, provided for
in section 57, with respect to which no application for a review
thereof be filed in due time, or an award of the commission upon
such review is provided in section 58, shall in either event, as the
case may be, and subject to the other provisions of this act, be a
final award and shall be conclusive and binding as to all questions
of fact. . . The findings of fact made by the commission within
its power shall, in the absence of fraud, be conclusive," is not viola-
tive of art. 1, sec. 1, par. 3, of the constitution, which provides that
"No person shall be deprived of life, liberty, or property, except by
due process of law," and is not in violation of the 14th amendment
to the constitution of the United States, which declares: "nor shall
any State deprive any person of life, liberty, or property without
due process of law," for the reason assigned, that so much of that
section of the act as makes all findings of fact by the commission
conclusive and binding upon the courts of this State takes from
the municipality its property without due process of law; that the
industrial commission, within the meaning and intent of the law, is
not a court, but only an administrative body, and in no way are
employers or employees under the act given the benefit of the in-
dependent judgment of a judicial tribunal upon both the law and
the facts of the case. The workmen's compensation act (Ga. L.
1920, pp. 167, 198) declares: "The findings of fact made by the
commission within its power shall, in the absence of fraud, be con-

· clusive, but upon such hearing the court shall set aside said order or decree of the industrial commission, if it be found: (1) That the industrial commission acted without or in excess of its powers. (2) That the order or decree was procured by fraud. (3) That the facts found by the industrial commission do not support the order or decree. (4) That there is not sufficient competent evidence in the record to warrant the industrial commission in making the order or decree complained of; or (5) That the order or decree is contrary to law." 9 Park's Code Supp. 1922, § 3154-(ggg); Michie's Code, § 3154(59).

(*a*) "The due-process clause does not guarantee to the citizen of a State any particular form or method of State procedure. Its requirements are satisfied if he has reasonable notice and opportunity to be heard and to present his claim or defense, due regard being had to the nature of the proceeding and the character of the rights which may be affected by it." Reetz *v.* Michigan, 188 U. S. 505, 508 (47 L. ed. 563, 566, 23 Sup. Ct. 390); Missouri ex rel. Hurwitz *v.* North, 271 U. S. 40 (70 L. ed. 818, 46 Sup. Ct. 384); Bauman *v.* Ross, 167 U. S. 548, 593 (42 L. ed. 270, 289, 17 Sup. Ct. 966); Backus *v.* Fort Street Union Dep., 169 U. S. 569 (42 L. ed. 859, 18 Sup. Ct. 445); McGehee on Due Process of Law, 1, and cit.; *Vestel* v. *Edwards, 143 Ga.* 368 (85 S. E. 187); *McGregor* v. *Hogan,* 153 *Ga.* 473, 479, 480 (112 S. E. 471).

(*b*) Due process of law does not require a judicial procedure. Judson on Taxation (1st ed.), § 318; 2d ed. § 340; Pittsburg Ry. Co. *v.* Backus, 154 U. S. 421 (14 Sup. Ct. 1114, 38 L. ed. 1031), Turpin *v.* Lemon, 187 U. S. 51 (23 Sup. Ct. 20, 47 L. ed. 70).

5. The following portion of section 8 of the workmen's compensation act (9 Park's Code Supp. 1922, § 3154(h); Michie's Code, § 3154(8)): "Neither any municipal corporation within the State, nor any political subdivision thereof, nor any employee of any such corporation or subdivision shall have the right to reject the provisions of this act relative to payment and acceptance of compensation; and the provisions of [Michie's Code, §§ 3154(5), 3154-(16), 3154(17), and 3154(18); 9 Park's Code Supp. 1922, §§ 3154(e), (p), (q), (r)] shall not apply to them," is not invalid as being in violation of the due-process clauses of the State and Federal constitutions for any reason assigned; nor does the portion of section 8 of the workmen's compensation act, quoted above, deny to the defendant the equal protection of the laws.

6. The court did not err in affirming the award of the industrial commission in favor of the applicant.

*Judgment affirmed. All the Justices concur.*