### KING *v.* CITY OF McCAYSVILLE.

GRICE, Justice. 1. The amendment to the charter of the City of McCaysville, enacted in 1941 (Ga. L. 1941, p. 1596), merely re-enacted in the main the provisions of the charter granted by the General Assembly in 1920 (Ga. L. 1920, p. 1236), as amended in 1922 (Ga. L. 1922, p. 909), and in 1935 (Ga. L. 1935, p. 1121) ; and the act first above referred to brought about no such repeal of the charter, nor material change in the form of government as contemplated by the terms of the Code, § 69-101.

2. In the absence of bad faith, the exercise of the right of eminent domain rests largely in the discretion of the authority exercising such right, as to the necessity, and what and how much land shall be taken. *Savannah Ry. Co.* v. *Postal Telegraph-Cable Co.,* 112 *Ga.* 941 (38 S. E. 353) ; s. c. 115 *Ga.* 554 (42 S. E. 1) ; *Gardner* v. *Ga. R. & Bkg. Co.,* 117 *Ga.* 522 (43 S. E. 863). Nothing in *Sheppard* v. *Edison,* 161 *Ga.* 907 (132 S. E. 218), requires a contrary ruling. See the same case on its second ap-

pearance in this court. *Sheppard* v. *Edison*, 166 *Ga.* 111 (9) (142 S. E. 535).

3. A landowner can not prevent the taking of his property for public purposes merely because there is other property which might have been suitable for the purpose. 18 Am. Jur., 735, § 108.

4. That the landowner was furnishing to several persons water from a spring on the premises sought to be condemned, affords no reason why the property should not be condemned for a larger use by the public, it not appearing that the property was already devoted to a public use.

5. The court did not err in sustaining the demurrer to the petition.

*Judgment affirmed. All the Justices concur, except Wyatt, J., absent because of illness.*

No. 15087.    FEBRUARY 7, 1945.

*William A. Butt,* for plaintiff. *T. H. Crawford, A. J. Henderson,* and *John S. Wood,* for defendant.