## 20408. SCHEUER *v.* HOUSING AUTHORITY OF CITY OF CARTERSVILLE.

DUCKWORTH, Chief Justice. 1. Code (Ann.) § 99-1119 (Ga. L. 1937, pp. 210, 223) provides that an Authority shall have the right to acquire by the exercise of the power of eminent domain "any real property which it may deem necessary for its purposes . . . after the adoption by it of a resolution declaring that the acquisition of the real property described therein is necessary for such purpose." The right to take private property by the exercise of the power of eminent domain is an element of sovereignty, and will be upheld only when every prerequisite to its exercise has been fully met. It is not for the Judiciary to give a reason for the condition precedent to the exercise of the power stipulated by the legislature, but only to recognize that condition and forbid the exercise of the power until the condition has been met. The Authority in this case on January 21, 1957, adopted a resolution finding that there was a need for low rent housing to meet needs not being met by private enterprise within its area of operation. Then on October 15, 1957, the recorded minutes of a meeting of the commissioners of the Authority recites that land selected for Summer Hill Project known as "Project Ga. 68-4 (formerly 68-B)" was on a motion of a member and by vote of the commission approved and defined

as being about 9 or 10 acres, described by metes and bounds. Then on November 18, 1957, a resolution was adopted by the commissioners, which in substance recited that they had determined that the original area selected for "Project Ga. 68-4" contained insufficient acreage and recommendation was made for approval of described lands, which includes that of the defendant and intervenor in this case. It is manifest that the recited actions of the authority constitute a substantial compliance with the condition precedent pointed out above. Code § 102-102 (6) provides: "A substantial compliance with any requirement of the Code, or laws amendatory thereof, especially on the part of public officers, shall be deemed and held sufficient, and no proceeding shall be declared void for want of such compliance, unless expressly so provided by the enactment." We therefore affirm the judgments overruling the plea in abatement and the general demurrers to the amended petition.

2. Code (Ann.) § 99-1108 (Ga. L. 1937, pp. 210, 216; Ga. L. 1943, p. 166) requires approval by the State Director of any proposed project. There is nothing in the law that requires projects to be located only where slum residences exist. The object of the law is (a) clear slums and (b) afford cheap housing for low-income people. The complaints in the answer that the property is not residential, that it is needed for the purposes for which it is now being used, etc., constitute no grounds for preventing a housing project to meet the purpose of the law, i. e., get people out of slums and into sanitary low-rent houses. Accordingly, the court did not err in sustaining the demurrer and in dismissing the answer.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., who dissents.*

ARGUED MARCH 10, 1959—DECIDED APRIL 9, 1959.

*Al D. Tull,* for plaintiff in error.
*Warren Akin,* contra.

