20585. CITY OF CARROLLTON *et al.* v. WALKER *et al.*

Argued September 14, 1959—Decided October 14, 1959—Rehearing denied November 4, 1959.

*Robt. D. Tisinger, Lamar Knight, Eugene Cook, Attorney-General, Paul Miller, E. J. Summerour, Assistant Attorneys-General,* for plaintiff in error.

*Henry C. Head, Shirley C. Boykin, Wm. P. Johnson, W. H. Stanford, Jr., Gilbert & Head,* contra.

HEAD, Justice. 1. "The allegations of a pleading are to be construed most strongly against the pleader, when attacked by demurrer." *Lee* v. *City of Atlanta,* 197 *Ga.* 518, 520 (29 S. E. 2d 774); *East Ga. Motor Club* v. *A.A.A. Finance Co.,* 212 *Ga.* 408, 410 (93 S. E. 2d 337). Allegations of the petition to the effect that "the proposed taking of said property is not of public necessity," and "is not necessary for State or for municipal purposes"; "there is no need nor public necessity at any time" for the condemnation of homes and property of citizens of Carroll-

ton; and that the proposed route through the city is "wholly unnecessary and not of a public necessity;" amount to nothing more than mere conclusions of the pleader, wholly unsupported by any fact or facts to show an arbitrary abuse of the discretion vested by law in the State Highway Department. "General and loose allegations, consisting merely of the statement of conclusions, without averring the facts upon which the conclusions are based, are too indefinite to raise an issue." *Jones* v. *Ezell*, 134 *Ga.* 553 (5) (68 S. E. 303); *Harper* v. *Lindsey*, 162 *Ga.* 44, 47 (132 S. E. 639); *Butler* v. *City of Dublin*, 191 *Ga.* 551, 555 (13 S. E. 2d 362); *Marlin* v. *Hill*, 192 *Ga.* 434 (15 S. E. 2d 473); *Fowler* v. *Southern Airlines*, 192 *Ga.* 845, 850 (16 S. E. 2d 897).

Counsel for the defendants in error cite, quote from, and strongly rely upon *Williams* v. *City of LaGrange*, 213 *Ga.* 241 (98 S. E. 2d 617). Counsel quote the first sentence of headnote 2 in the *Williams* case, which is a quotation from the dissenting opinion of Mr. Justice Hawkins in *Georgia Power Co.* v. *Fountain*, 207 *Ga.* 361 (61 S. E. 2d 454), at page 372. Counsel then state: "That is the Rock of Gibraltar upon which we stand and upon which this case is built. If the plan of salvation as outlined stated by this court in the *Williams* case is not correct, then the citizens of Georgia are helpless to argue the question of public necessity at any point." Counsel for the defendants in error apparently fail to note the inapplicability of the ruling in the *Williams* case to the facts of the present case, that ruling being limited by its terms to those instances where the condemnation proceeding is brought under Chapter 36-3 of the Code. The sole power of the assessors provided by Chapter 36-3 relates to the value of the property taken and to no other question.

No copy of the petitions for condemnation alleged to have been filed by the State Highway Department is attached to the pleadings in the present case. From the allegations of the petition, however, and the briefs of counsel, it appears that the condemnation proceedings were instituted under the act of 1957 (Ga. L. 1957, pp. 387-397; Code, Ann., Chapter 36-6A). This act provides that, "by reason of the necessities of the public

needs, of which the condemning body shall be the exclusive judge," a petition may be filed setting forth the facts showing the right to condemn and other facts, as therein provided; and, thereupon, that the judge shall make an order requiring all persons concerned to appear and make known their rights or interest, and claims as to the value of the property, "and any other matters material to their respective rights." From the 1957 act it is clear that the General Assembly intended to vest a very broad discretion in the condemning authority as to the necessity for the taking, and that "other matters material" to the rights of condemnees generally might be determined under proper pleadings in the pending case. Compare *Martin* v. *Fulton County*, 213 *Ga.* 761 (101 S. E. 2d 716).

The petition alleges that a Federal Highway is involved in the condemnation proceedings, to wit, U. S. Highway No. 27. This court is bound to take judicial cognizance of "the laws of the United States." Code § 38-112. By an act approved August 27, 1958, the National Congress revised the Federal laws relating to Federal highways, it being provided in 23 U. S. C. A., § 101 (b), as follows: "It is hereby declared to be in the national interest to accelerate the construction of the Federal-aid highway systems, including the National System of Interstate and Defense Highways, since many of such highways, or portions thereof, are in fact inadequate to meet the needs of local and interstate commerce, for the national and civil defense." By Title 23, § 303, it is provided that the Bureau of Public Roads shall be in the Department of Commerce under the Secretary of Commerce, and by Title 23, § 109, it is provided that the Secretary shall not approve plans and specifications for proposed projects on any Federal-aid system if they fail to provide for a facility "that will adequately meet the existing and probable future traffic needs and conditions in a manner conducive to safety, durability, and economy of maintenance"; and "that will be designed and constructed in accordance with standards best suited to accomplish the foregoing objectives and to conform to the particular needs of each locality." The petition fails to allege any facts to show any failure of duty imposed under the act of Congress of 1958.

Independently of any Federal law or requirement, the conclusions of the present petition are insufficient to show any abuse of the discretion vested by law in the State Highway Department of Georgia. "A court of equity will not interfere with the discretionary action of the State Highway Department in locating, grading, and improving a proposed State-aid highway, within in the sphere of their legally designated powers, unless such action is arbitrary and amounts to an abuse of discretion." *Crump* v. *State Highway Dept.*, 191 *Ga.* 130 (12 S. E. 2d 310), and cases cited. See also *Miller* v. *State Highway Dept.*, 200 *Ga.* 485 (37 S. E. 2d 365); *Elberton Southern Ry. Co.* v. *State Highway Dept.*, 211 *Ga.* 838 (89 S. E. 2d 645).

2. In their brief filed on behalf of the defendants in error, counsel urge that the City of Carrollton is not authorized by law to condemn property for public streets or highways. The petition alleges that the condemnation proceedings were brought by the State Highway Board of Georgia, and there is no allegation that the city is in any way a party plaintiff or defendant in any condemnation proceedings. Thus, whether or not the city has the right to condemn private property for public uses is not germane to the condemnation proceedings filed by the State Highway Department.

It is alleged that the city has paid out $87,838.25 "contrary to the direct provisions of the Constitution and State laws to pay for said rights of way." The petition further alleges that the city is paying 5% of the total acquisition costs, and seeks to recover for the benefit of the city $4,391.91. While it is alleged that the city can levy only 6½ mills for general funds, there are no facts alleged to show that the amount of $4,391.91 would not be derived from general funds within the year in which the money was being expended; and, under the authority of the city to borrow money to meet temporary deficiencies in revenue, loans not in excess of the amount of anticipated revenue within the year are not unlawful. No facts are alleged to show the inability of the city to repay all funds borrowed by it within the taxable year.

The authority of the City of Carrollton under its charter (Ga. L. 1891, p. 474) to build and repair streets within its incorporate

limits does not require actual supervision by the mayor and council, but this may be done by contract with the State Highway Department of Georgia, under the provisions of the Constitution of 1945, Art. VII, Sec. VI, Par. I (Code, Ann., § 2-5901). The State Highway Department may construct a public highway through a municipality or city of this State without its consent. *Lee County* v. *Mayor &c. of Smithville*, 154 *Ga.* 550 (115 S. E. 107); *Patterson* v. *State Highway Dept.*, 201 *Ga.* 860 (41 S. E. 2d 260). Whether or not it is the better business and governmental policy for a city to participate in the selection of the route for a highway through the city, the procuring of rights of way, and the cost thereof, by contract with the State Highway Department, is a question for determination by the mayor and council of the city in the first instance, and is not such a question wherein a court of equity is authorized to substitute its judgment and discretion for that of the duly elected officials of the city.

Stripped of its conclusions, no facts are alleged in the petition to show any unlawful acts on the part of the mayor and council of the city, any unlawful diversion of funds, or unauthorized participation in a contract resulting in a new street or thoroughfare through the city, whereby the petitioners are entitled to any relief in a court of equity.

*Judgment reversed. All the Justices concur.*