20658. KELLETT *v.* FULTON COUNTY.

Argued October 14, 1959—Decided November 4, 1959.

*Arnold & Harris, Ross Arnold, Robert B. Harris,* for plaintiff in error.

*Griffin Patrick, Jr., Harold Sheats,* contra.

Almand, Justice. Error is assigned on the order of the trial judge sustaining the general demurrers of the defendant to counts one and two of the petition seeking to enjoin the further prosecution of two condemnation suits by the defendant against the plaintiff's land.

■ In count one of the petition, the constitutionality of the act of 1957 (Ga. L. 1957, p. 387; Code, Ann., Ch. 36-6A), under which the defendant was allegedly proceeding to condemn the plaintiff's land, is attacked on two grounds: (1) that section 5 of the act (Code, Ann., § 36-605a) is violative of the due process of law guaranteed by art. 1, sec. 1, par. 3 of the Constitution of Georgia (Code, Ann., § 2-103), in that the act only provides for a peremptory order, no process other than the attachment of the order to the petition, and an unreasonably short interval between service and hearing; and (2) that section 12 of the act (Code, Ann., § 36-612a), limiting the master's award to "actual market value" violates art. 1, sec. 3, par. 1 of the Constitution of Georgia (Code, Ann., § 2-301), providing that "Private property shall not be taken, or damaged, for public purposes, without just and adequate compensation being first paid," since actual market value is too narrow, and does, in the instant case, differ from just and adequate compensation.

Sections 5 and 12 of the act of 1957 (supra) are not unconstitutional for any of the reasons assigned. Section 5 provides for notice to be served upon all interested parties, and provides for a hearing not less than 10 days nor more than 15 days from the date of service of such order, at which hearing the interested parties may appear and make known their respective rights or interests, if any, in and to the property sought to be condemned, their claims as to the value of the property, and any other matters material to their respective rights. This section is supplemented by section 10 of the act (Code, Ann., § 36-610a), which provides for service of a copy of the petition together with the order of the court upon all persons in possession of the property in all cases, and upon all persons who are known to have any title or other interest in the property, and by section 11 of the act (Code, Ann., § 36-611a), which provides that, for good cause shown, the judge of the superior court may grant a continuance for not more than 6 days from the date of the order granting the continuance. These sections, providing for reasonable notice and opportunity to be heard, satisfy the constitutional provisions as to due process. *Robitzsch* v. *State*, 189 *Ga.* 637 (1a) (7 S. E. 2d 387) ; *Zorn* v. *Walker*, 206 *Ga.* 181 (56 S. E. 2d 511) ; *City of Macon* v. *Benson*, 175 *Ga.* 502 (166 S. E. 26).

In *O.K., Inc.* v. *State Highway Dept.*, 213 *Ga.* 666 (100 S. E. 2d 906), this court held that the act of 1957 (supra) does not as a whole violate art. 1, sec. 3, par. 1 of the Constitution of Georgia (supra), in that said act provides an adequate method for determining the value of the property sought to be condemned and for just and adequate compensation to be first paid. "The method of ascertaining what is just and adequate compensation is matter for adoption and regulation by the legislature." *Oliver* v. *Union Point &c. Ry. Co.*, 83 *Ga.* 257 (2) (9 S. E. 1086). While section 12 of the act (supra), which is under attack here, provides that the award of the master shall be entered in the following form, "I find and award to _____, condemnee, the sum of $ _____, as the actual market value of the property sought to be condemned," this section also provides that the master shall give full consideration to all matters touching upon the value of the property. Section 5 of the act provides

that the condemnees may present to the master their claims as to the value of the property and any other matters material to their rights therein; and section 11 provides that the duties of the master shall be the same as those of a board of assessors as set out in Code §§ 36-502—36-506, inclusive. Code § 36-503 provides that the assessors shall hear all evidence as to the value of the property sought to be condemned, and Code § 36-505 provides that, in estimating the value of the land, inquiry may be made as to all legitimate purposes to which the property shall be appropriated. Section 14 of the act (Code, Ann., § 36-614a) provides for an appeal from the award of the master to the superior court, where the issue as to the value of the property shall be tried by a jury.

Clearly the legislature has provided an adequate method for determining the just and adequate compensation of property sought to be condemned under the act of 1957 (supra), and section 12 of the act in no wise limits the master to an arbitrary finding inconsistent with the mandate of art. 1, sec. 3, par. 1 of the Constitution of Georgia (supra).

■ The plaintiff in paragraph 6 of count 2 of the petition concedes that a new Juvenile Court facility is needed in Fulton County, and that a reasonable amount of land should be condemned to provide a suitable site for the same. It is alleged in count 2, however, that the Resolution of January 2, 1958, by which the Commissioners of Roads and Revenues of Fulton County allegedly authorized the institution of the condemnation proceedings in question, is unlawful and insufficient, in that no independent determination of the existence of a public necessity for the taking was made therein by the commissioners, but that they simply ratified the findings submitted to them in the reports of various advisory committees from October 5, 1955, through January 2, 1958.

There is no merit in the plaintiff's allegation that this action by the commissioners constituted an unlawful delegation of legislative power in contravention of art. 11, sec. 1, par. 6 of the Constitution of Georgia (Code, Ann., § 2-7806). The ultimate determination to condemn was that of the defendant, Fulton County, acting through its Board of Commissioners, and there is

nothing illegal or unconstitutional in the governing body of Fulton County seeking advice and recommendations from various department heads, advisory committees, and the general public prior to taking official action.

■ The plaintiff also concedes in his petition that the location of the proposed new Juvenile Court facility should be near other related governmental, administrative, and judicial facilities; and that a portion of the site being taken would adequately answer these needs and the public convenience. It is alleged, however, that the vast size of the proposed site exceeds all bounds of reasonableness, and that the action of the defendant in taking and threatening to take the same through eminent domain constitutes an arbitrary abuse of the discretion otherwise accorded condemning authorities. In support of this conclusion, the plaintiff merely alleges that the proposed site, which constitutes approximately seven acres, is 24 times larger than the present court facility (building and grounds), and that the proposed court building itself will occupy but a small portion of the tract sought to be condemned, while the remainder will be used for parking and play areas.

In *King* v. *City of McCaysville*, 198 *Ga.* 829 (2) (33 S. E. 2d 99), this court held: "In the absence of bad faith, the exercise of the right of eminent domain rests largely in the discretion of the authority exercising such right, as to the necessity, and what and how much land shall be taken." "A large discretion is vested in a party having the right to condemn, in the selection of the particular property to be condemned; and such selection should not be interfered with or controlled by the courts, unless made in bad faith, or capriciously or wantonly injurious, or in some respect beyond the privilege conferred by statute or its charter." *Piedmont Cotton Mills* v. *Ga. Ry. &c. Co.*, 131 *Ga.* 129, 134 (62 S. E. 52). In the *Piedmont* case, on p. 136, the court stated: "The word 'necessary' is not meant to be used in the sense of 'indispensable.' Necessity for public use is not such an imperative necessity that would render the construction and operation of a railroad impossible without the amount of land in question."

The defendant in the present case is seeking to condemn a

tract of land suitable for the purpose of erecting a substantial public building—a court facility—with sufficient land area to make efficient use of the same. The plat of the proposed facility, which is attached to the plaintiff's petition, shows that the related use of the building and grounds consumes the entire tract of land in question. Stripped of its conclusions, the petition does not show in any wise that the defendant has acted in bad faith or has abused its discretion in determining how much land is reasonably necessary for the particular matter under consideration, so as to entitle the plaintiff to any relief in a court of equity. See *City of Carrollton* v. *Walker,* 215 *Ga.* 505 (111 S. E. 2d 79); *Hagans* v. *Excelsior Electric Membership Corp.,* 207 *Ga.* 53 (4) (60 S. E. 2d 162).

The court did not err in sustaining the general demurrers to the petition.

*Judgment affirmed. All the Justices concur.*