20826. ANTHONY *v.* STATE HIGHWAY DEPARTMENT.

ARGUED MARCH 15, 1960—DECIDED APRIL 7, 1960.

854

*J. Willard Register, William S. Cain,* for plaintiff in error.

*Charles M. Evert, Eugene Cook, Attorney-General, Paul Miller, Assistant Attorney-General, James H. Fort,* contra.

MOBLEY, Justice. ■ Section 13 of the 1957 act (Ga. L. 1957, p. 396; Code, Ann., § 36-613a), is not unconstitutional for any reason assigned. This section provides that, "Upon the award of

the special master being entered up as hereinbefore provided
. . . the judge of the superior court shall enter up a proper
order and judgment of the court condemning the described prop-
erty, or the easement or other interest therein sought to be con-
demned, in rem, and fee simple, to the use of the condemning
body upon the payment into the registry. of the court of the
amount provided for in the award of the special master."

The plaintiff does not attack the prior sections of this act
which provide for the appointment of a special master, who
shall, after notice and hearing of evidence, make an award fix-
ing the value of the property taken, which award, upon being
paid into the registry of the court, shall condemn and vest title
to the property or easement of the property sought to be con-
demned in the condemnor. His complaint as to section 13 is that
the status quo as of the time the trial court enters its judgment,
as therein provided, is not preserved while the case is on appeal,
but that the condemnor is vested with fee-simple title and full
use of and dominion over the property and can remove improve-
ments, thereby preventing the jury on the trial of the case on ap-
peal from adequately determining what is just and adequate
compensation for the property taken.

"The method of ascertaining what is just and adequate com-
pensation, is subject, within certain limits, to legislative discretion.
To such proceedings in the exercise of the power of eminent
domain the constitutional guaranty of trial by jury does not
extend, there being in our Constitution no express provision
so extending it." Oliver v. Union Point & W. P. R. Co., 83 Ga.
257, 261 (2) (9 S. E. 1086). "It is well settled that unless the
right of appeal is guaranteed by the Constitution, the legislature
may grant or withhold it, or impose such conditions as it shall
see fit. 2 Lewis, Em. Dom. § 537, p. 1197; Cooley's Const. Lim.
(5th ed.) 697; Proffatt, Jur. Tr. § 104; Rand. Em. Dom. § 316;
Mills, Em. Dom. § 91; and the numerous cases cited by these au-
thors. In the absence of constitutional. provisions on the sub-
ject, there can be no appeal unless granted by statute. Lewis, Em.
Dom. § 535, p. 1191, and cases cited. Unless there are express
constitutional provisions upon the subject, the authorities almost
uniformly hold that it is not a constitutional right to have the
compensation to be paid for property condemned and taken for

public use ascertained by a common-law jury. 2 Lew. Em. Dom. § 311, and the great number of cases cited in note 26." *Savannah, F. & W. Ry. Co. v. Postal Tel.-Cable Co.*, 112 *Ga.* 941, 943 (38 S. E. 353). See also *Metropolitan Casualty Ins. Co. of New York v. Huhn,* 165 *Ga.* 667, 672 (142 S. E. 121, 59 A. L. R. 719).

The Constitution requires that just and adequate compensation first be paid before the property is taken. The method of determining what is just and adequate compensation is not fixed by the Constitution and, accordingly, is subject to legislative discretion. Deposit of the compensation assessed by the special master into the registry of the court, as provided by this statute, satisfies the constitutional requirement; and the legislature could have made this final. However, it allowed an appeal on the issue of value of the property taken and provided for the trial of that issue by a jury. We cannot say that the legislature abused its discretion in providing that, upon payment into the registry of the court of the amount awarded by the special master, the judge of the superior court shall enter judgment vesting fee-simple title in the condemnor and that the condemnor may thereupon proceed with the work. *O. K., Inc. v. State Highway Dept.,* 213 *Ga.* 666 (100 S. E. 2d 906).

■ The value of the property at the time of the taking is the issue to be determined upon the trial of the case on appeal before a jury. The taking here was complete when the judge of the superior court, acting under section 13, supra, entered judgment condemning the property and vesting fee-simple title in the condemnor. Accordingly, on the trial of the case on appeal before a jury, the issue is not the value of the property at that time, but at the time the property was condemned and title vested in the condemnor under the judgment of the trial court. There is no merit in the plaintiff's contention that the improvements should not be removed from the property until the case is tried before a jury.

The trial judge properly denied the injunctive relief asked and dismissed the petition.

<div align="right">

*Judgment affirmed. All the Justices concur.*