38867. JOHNSON v. FULTON COUNTY.

874

DECIDED MAY 12, 1961—REHEARING DENIED JUNE 16, 1961.

*Houston White,* for plaintiff in error.

*Harold Sheats, Paul H. Anderson, Martin H. Peabody,* contra.

TOWNSEND; Presiding Judge.  ■  The right of eminent domain is inherent in every sovereignty, but it is dormant until the lawmaking body sets it in motion. *Botts v. Southeastern Pipe-Line Co.,* 190 Ga. 689 (10 S. E. 2d 275). A condemnor has no rights whatsoever except those expressly granted to it by statute. *State Highway Dept. v. Pierce,* 46 Ga. App. 52 (166 S. E. 453). They can be exercised only when every prerequisite to their exercise has been fully met. *Scheuer v. Housing Authority &c. of Cartersville,* 214 Ga. 842 (108 S. E. 2d 264). The act of 1957 (Ga. L. 1957, p. 387) provides a cumulative and summary method for the condemnation of property. It is designed to be used "where by reason of the necessity for a quick determination" of various questions it may be needed (*Code Ann.* § 36-602a); when "it shall be desirable for these reasons to have a quick and effective adjudication" (*Code Ann.* § 36-603a); "whenever for any reason it shall be desirable to arrive at a quick and certain determination of the compensation to be first paid" (*Code Ann.* § 36-605a); and it is "the purpose of this Chapter to quicken and simplify the condemnation proceeding" (*Code Ann.* § 36-610a).

The condemnor chooses its method of procedure, and it need not use the act of 1957 unless it so desires. The provisions of the act of 1894 (*Code Chs.* 36-3, 4, 5 and 6) are still available to it. If the condemnor elects to use the Special Master Law (the act of 1957) rather than the Three Assessor Law (the act of 1894) then it is bound by the provisions of law following its own election. The property owner, of course, is also bound, although he did not choose the method of procedure, and in the absence of an attack by either upon the law itself the function

of this case is simply to construe a plain and unequivocal act of the legislature in accordance with the usual laws for the construction of statutes. Cases decided under other statutes will be of benefit only insofar as the wording of this statute corresponds with the wording of the statute involved in the decided case. Where the wording is taken from a prior statute, or where the 1957 act fails to be complete within itself, then the Special Master Act permits reference to the Three Assessor Law to fill in the void. *Code Ann.* § 36-611a.

It accordingly becomes important to examine the two acts in the light of the *Botts* case, supra, to discover what changes were intended.

Three such changes stand out. First, the original arbiter is no longer merely a person especially equipped to determine value; he is a competent attorney under oath especially appointed by the court. His use is recommended when "it shall be desirable to have a judicial ascertainment and judicial supervision of all questions and proceedings connected with the matter." *Code Ann.* § 36-603a. "His relation and accountability to the court shall be that of an auditor or master in the general practice." *Code Ann.* § 36-606a. He is, accordingly, an arm of the court, and his decision is judicial or at least quasi-judicial.

Secondly, it was desired to make an accurate determination of what constituted a "taking" for the purposes of the act. In *Woodside v. City of Atlanta,* 214 Ga. 75, 83 (103 S. E. 2d 108) it was said that the condemnor "could not at that time refuse to pay the amount awarded for the property and at the same time insist upon its right to take it." The converse of that proposition is also true; the condemnor cannot at the same time actually *pay for* and *take possession* of the property awarded and at the same time insist upon its right to refuse to take it. However, the *Woodside* case primarily decides when there is a taking, not what has been taken, and is material only insofar as a construction of the Constitution is sought, for we are here dealing with a particular statute not under constitutional attack.

The time of taking is spelled out in the Special Master Law. "Upon the award of the special master being entered up as hereinbefore provided, and upon the same being presented to him,

the judge of the superior court shall enter up a proper order and judgment of the court condemning the described property, or the easement or other interest therein sought to be condemned, in rem, and fee simple, to the use of the condemning body upon the payment into the registry of the court of the amount provided for in the award of the special master." *Code Ann.* § 36-613a. And "the entering of said appeal and the proceedings thereon shall not hinder or delay in any way the condemning body's work or the progress thereof." *Code Ann.* § 36-614a. So we know, even without reference to *Woodside*, exactly when there has been a taking under the Special Master Law. Also see *Anthony v. State Highway Department*, 215 Ga. 853(2) (113 S. E. 2d 768)..

Thirdly, we also know under the provisions of this act not only when the taking occurs, but what has been taken. The last sentence of *Code Ann.* § 36-610a spells out the issue by stating: ". . . it being the purpose of this Chapter to, so far as is reasonably possible, protect the rights of all parties to be heard at the time of the hearing before the special master, *but that,* so far as *the right to take* or damage the property, or *any interest therein,* by the condemning body, upon the payment of the amount of the award by the special master into the registry of the court, is concerned, the award of the special master and the judgment of the court condemning the property to the use of the condemning body *shall be conclusive."* (Emphasis added).

Nothing can be more definite. Once the sanction of the court is received, by the judge of the superior court accepting the master's report and entering up "a proper order and judgment . . . condemning the described property," and once this act has been ratified by the condemnor "upon the payment into the registry of the court of the amount provided for in the award" that judgment is final and conclusive on the question of what property or interest therein has been condemned. Fee simple title to that property vests in the condemnor. The condemnor can no more assent to the judgment adopting the master's findings, pay in its money and seek to take possession of the property, and then disown the very property it has paid for, and sought possession

of, than the property owner could assent to the award, take down the fund paid in, and then assert that the condemnor had deprived him of 100 acres of land when it only needed 50 acres for a public purpose, and seek by a jury trial to recover a part of the land condemned. The taking, once it occurs, is definite and final, and this must refer to the quality as well as the quantity of what is taken—that is, whether it is realty or personalty, no less than whether it is 50 acres or 100 acres. It has to be final or it could not vest, as the law prescribes, in the condemnor in fee simple. Once it has vested, there is no provision of law for it to be later divested by a different determination as to its character or amount. The judgment of the superior court on the master's report is therefore a final judgment not subject to readjudication in the superior court except as hereinafter discussed. Being a final judgment it is appealable if at all directly to the appellate courts under the provisions of *Code Ann.* § 6-701 by bill of exceptions on the record made before the special master; if it is not so appealable there is a hiatus in the law which it is the duty of the legislature and not the judiciary to supply.

The question of the correctness of the finding of the special master that certain property was real estate could also, of course, have been raised before the judge of the superior court prior to his entry of judgment adopting the master's report. The condemnor, it is recited in the bill of exceptions, not only failed to raise any such question but itself and *ex parte* procured the judgment which vested in it a fee simple title. Had the issue been raised at that time the court could have given the case that direction and supervision which is contemplated by *Code Ann.* § 36-603a in cases where "it shall be desirable to have a judicial ascertainment and judicial supervision of all questions and proceedings connected with the matter." This would follow the decision in *Johnson v. Fulton County,* 216 Ga. 498 (2) (117 S. E. 2d 155) to the effect that "the court . . . had jurisdiction to adjudicate every question here raised." The Supreme Court also, in *Kellett v. Fulton County,* 215 Ga. 551, 554 (111 S. E. 2d 364) pointed up the respective functions of court and jury. "Section 14 of the Act (*Code Ann.* § 36-614a) provides

for an appeal from the award of the master to the superior court, where the issue as to the value of the property shall be tried by a jury."

■ *Code* § 36-601, dealing with appeals under the Three Assessor Law provides as follows: "In case either party, or the representative of either party, is dissatisfied, he or they may, within 10 days from the time the award is filed, enter in writing an appeal from the award to the superior court of the county where the award is filed; and at the term succeeding the filing of the appeal, it shall be the duty of the judge to cause an issue to be made and tried by a jury as to the value of the property taken or the amount of damage done, with the same right to move for a new trial and file a bill of exceptions as in other cases at law." The Supreme Court has said what this language means. "In a proceeding under the Civil Code § 4657 et seq., for the purpose of acquiring private property for public purposes, the sole question to be passed upon by the assessors, or a jury in the superior court on appeal, is the amount of compensation to be paid. Whether the quantity of land sought to be taken is necessary and proper for the purpose for which it is sought is a question not involved in this proceeding." *Atlantic & B. R. Co. v. Penny,* 119 Ga. 479 (2) (46 S. E. 665).

"In condemnation proceedings under the statute regulating the exercise of the right of eminent domain by a railroad company, the assessors can only determine the amount of compensation to be paid, and cannot pass upon the legal power of the company to institute such proceedings; nor, on appeal from the award of the assessors, can the issue be so broadened as to raise that question." *Harrold v. Central of Ga. Ry. Co.,* 144 Ga. 199 (3) (86 S. E. 552). There is thus no doubt that on appeal to the jury under *Code* § 36-601 the language of the statute gave to the jury the right to determine the question of value only. *Code Ann.* § 36-614a of the Special Master Law is copied verbatim from *Code* § 36-601. It was held in the *Kellett* and *Anthony* cases, supra, to have the same meaning. It accordingly gives the jury on appeal only the right to decide value, and the issue can not be broadened to give the jury the right to decide every other question raised before the master.

To summarize: the weakness of the Three Assessor Law from the standpoint of condemning authorities is that it is not speedy enough; the assessors in the first instance, and the jury on appeal, can only deal with the question of value, and a property owner may seek injunction to determine the right of the governing authority to condemn, or the quantity or quality of the property included within the action. A new and summary proceeding was accordingly sought where all issues could be swiftly determined up to the point where title would pass to the condemnor; it could then pay over the amount determined and take possession but the question of value can be retired before a jury without affecting the right of possession or the passing of title. *Code Ann.* § 36-612a provides for the contents of the special master's award only the following: the value of the property; the value of the consequential damages; the value of the consequential benefits; the value of the sum to be paid into court by the condemnor. It then adds that in case of appeal to a jury this award stating such value shall not be competent evidence, but the appeal shall be a de novo investigation. The next section but one says that "an issue [shall be] made and tried by a jury as to the value of the property taken or the amount of damage done." Thus, as to jury trials, the Special Master Act retained verbatim the provisions of the Three Assessor Act and limited the appeal to the question of value only. It went further than the old law by providing that all other issues including the right to condemn, the interest condemned, and everything else preliminary to the actual vesting of title should be decided at the first hearing. As stated in *Kellett,* supra, (page 3): "Section 5 of the act provides that the condemnees may present to the master their claims as to the value of the property *and any other matters material to their rights therein."* (Emphasis supplied). Thus, this act, in accordance with its emphasized purpose, gives judicial control to the proceedings for the purpose of a quick and summary vesting of title and possession, leaving only the question of value for the jury.

There is no statutory provision whereby the condemning authority, having procured a judgment vesting title in it to that property which the master found that it was seeking to take,

can divest itself of title before a jury on appeal. It has no rights other than those given it by the statute. It doubtless had the right to oppose the award being made the judgment of court, but this it failed to do. It may have had the right to appeal that judgment after it was entered, but this also it failed to do. "Inasmuch as trial by jury is not a constitutional right in cases involving the power of eminent domain, a statutory appeal given in such cases from the award of assessors is subject to legislative discretion both in its allowance and in the consequences of its allowance, the latter being in the nature of terms and conditions of the appeal system." *Oliver v. Union Point &c. R. Co.*, 83 Ga. 257 (2) (9 S. E. 1086); *Savannah, Florida & W. Ry. Co. v. Postal Tel. Cable Co.*, 112 Ga. 941, 943 (38 S. E. 353).

It follows that the contention of the condemnee in his cross-action here is correct that the award of the special master, made the judgment of court, and complied with by the condemnor by paying into court the value of both the property which it specifically sought and the other property which it now contends was personalty, vested fee simple title to such property in the condemnor, and that such award and judgment, unexcepted to and unappealed from, is res judicata as to such issue; that the provision to the effect that his judgment is made without prejudice to any right of appeal the parties may have as provided by law is proper but the right of appeal to a jury is as to the value of the property taken only, and the provision in said order that the trial of such appeal in the superior court shall be a de novo investigation completely reopening all issues raised in the hearing before the special master or "otherwise raised in this case" is surplusage, since on appeal the only issues that can be heard and determined are those provided for by law which, in a condemnation case such as this, is the question of value only.

The trial court erred in sustaning the demurrers to the condemnee's cross-petition containing his plea of res judicata. Since the court could not grant a writ of possession until it was finally determined what property was being taken he should, at the time when the motion was pending, have first made this determination. That issue is now moot, however, due to the

ruling in this case that the property taken is all of the property comprehended by the report of the special master, and for this reason the judgment granting a writ of possession to the county is affirmed.

This case was considered by the whole court as provided by the act approved March 8, 1945 (Ga. L. 1945, p. 232).

*Judgment reversed in part and affirmed in part. All the Judges concur, except Felton, C. J., who dissents.*

Felton, Chief Judge, dissenting. It is my opinion that the Supreme Court has jurisdiction of this case. I dissent from the judgment for this reason, while I would agree with the opinion if I thought this court has jurisdiction.

## On Motion to Rehear.

It is contended in the motion to rehear that this court is in error in holding that the adjudication as to the quantity and quality of the interest of the condemnee, as awarded by the special master and made the judgment of the court, is conclusive and not subject to de novo investigation by the jury on appeal, in support of which the plaintiff in error cites that portion of *Code Ann.* § 36-616a of the special master act providing that the money may be paid into the registry of the court and that "the clerk shall pay out such money to such condemnees, or their personal representatives, upon proper proof submitted to him as to the quanitity of such interest and, where there are conflicting claims, he may require such conflicting parties to establish their claims before the court as is provided by law in other similar matters." We are free to admit that Ch. 36-6a is not without difficulties, and one of them would be a question of construction of the legislative intent if, after the award of the special master naming certain persons as condemnees to the fund and made the judgment of the court without objection it later appeared that others not so named claimed the proceeds or a part of them from the clerk of the court. We need not decide whether the provisions of *Code Ann.* § 36-616a would apply only in a case where the conflicting interests of claimants to the fund were not decided in the first instance, or whether in every case this is the proper method of adjudicating such conflicting claims to the fund, and the quantity of interest therein of the various claim-

ants. That question is not before us now. What *Code* § 36-616a does make very clear is that the court, and not the jury on appeal, will decide the *quantity* of interest of each condemnee, and what we have said is that the court and not the jury will also decide the *quality* of such interest, for the reason that the appeal to the jury goes to the issue of value only and it is not intended by this act, either considered by itself or in connection with the other methods of condemning property set out in Chapter 36 of the Code, to leave any other subject matter for jury determination.