### 21597. HOUSING AUTHORITY OF THE CITY OF SWAINSBORO v. HALL *et al.*

ARGUED APRIL 9, 1962—DECIDED MAY 14, 1962.

*Williams & Smith, Felix C. Williams, George L. Smith, II, Sidney B. Shepherd,* for plaintiff in error.

*Spivey & Carlton,* contra.

ALMAND, Justice. The orders under review are a denial of an interlocutory injunction and rulings on the pleadings.

The Housing Authority of the City of Swainsboro instituted

condemnation proceedings under the Housing Authority Act of 1937 (Ga. L. 1937, p. 210; *Code Ann. Ch.* 99-11), to condemn the property of Gordon, Sarah; and Gladys Hall, for the purposes provided in said act. After the assessors had determined the compensation to be paid, the authority filed an appeal to the superior court. In this proceeding, the condemnees filed their objections and prayed that the authority be enjoined because (a) the land sought to be condemned is unimproved land, (b) there are a large number of slum areas in Swainsboro having city utilities available on which are located unsanitary, unhealthful, and unsafe dwellings, while the property of the condemnees is not a slum area but vacant and unimproved land, and (c) the housing authority has by its action in selecting their property for condemnation for use as a housing project abused its discretion and has arbitrarily selected the property of the condemnees for such purpose. Their prayers were: that the authority be enjoined from proceeding further with the condemnation proceedings.

In response to the condemnees' petition for an injunction, the housing authority filed a general demurrer, a motion to dismiss, and an answer in which they sought to enjoin the condemnees from further objecting to the condemnation proceedings. The court after a hearing overruled the general demurrer and motion to dismiss, struck two paragraphs of the authority's response, and denied the authority's prayers for an injunction. Error is assigned on these orders.

■ The demurrers and motion to dismiss. The condemnees sought to enjoin the authority from further proceeding with the condemnation of their lands. Counsel for the condemnees in their brief state: "The whole complaint of the condemnees in the present case is that the Housing Authority deliberately ignored the existence of a substantial number of slum areas in the community and selected an unimproved site for the housing project, when one of the principal purposes of the act was to eliminate such unsanitary and unhealthy areas and to substitute therefor, new and better living conditions." It was asserted that the property of the condemnees was vacant and unimproved property, not a slum area, and when the authority sought to con-

demn it there were other areas in Swainsboro in unhealthful and unsanitary condition. It was further alleged that in selecting the condemnees' property the housing authority acted in an arbitrary and capricious manner in violation of their constitutional rights.

The 1937 Housing Authority Act, supra (p. 220), empowers a local housing authority to determine where slum areas exist or "where there is a shortage of decent, safe and sanitary dwellings for persons of low income." The act provides (*Code Ann.* § 99-1103(i)) that a housing project shall mean any undertaking (1) to demolish, clear or remove buildings from any slum area; *or* (2) to provide decent, safe and sanitary urban or rural dwellings for persons of low income; *or* (3) to accomplish a combination of (1) and (2). The authority was granted the power of eminent domain in order to acquire property for such purposes.

The general demurrer and motion to dismiss assert that the petition of the condemnees is insufficient to show an arbitrary abuse of discretion in selecting the condemnees' property for a housing project.

We are of the opinion that the demurrer and motion should have been sustained. In the absence of bad faith the exercise of the right of eminent domain rests largely in the discretion of the housing authority as to what and how much land is to be taken. The owner of land sought to be condemned cannot prevent such taking merely because there is other property which might have been more suitable for the purpose. *King v. City of McCaysville,* 198 Ga. 829 (3) (33 SE2d 99). Applying the provisions of the 1937 Housing Authority Act, we held in *Scheuer v. Housing Authority of the City of Cartersville,* 214 Ga. 842, 843 (108 SE2d 264), "There is nothing in the law that requires projects to be located only where slum residences exist. The object of the law is (a) clear slums and (b) afford cheap housing for low-income people. The complaints in the answer that the property is not residential, that it is needed for the purposes for which it is now being used, etc., constitute no grounds for preventing a housing project to meet the purpose of the law, i.e., get people out of slums and into sanitary low-rent houses."

The 1937 Housing Authority Act plainly discloses that the housing authority has the power to condemn an area that consists of a slum area, substandard houses, or an unimproved area, to provide safe and sanitary dwellings for persons of low income, or a combination of both areas. The fact that there may be other areas in Swainsboro that could properly be classified as slum areas under the act would not require a ruling that the selection of the condemnees' property for providing decent and safe dwellings for persons of low income was either arbitrary or an abuse of discretion on the part of the housing authority.

The petition of the condemnees for an injunction was subject to the general demurrer and motion to dismiss, and it was error to overrule them.

■ Paragraphs 4 and 5 of the authority's answer to the condemnees' petition for injunction. In these paragraphs, and prayers pursuant thereto, the authority sought to recover from the condemnees damages because of the expense and attorney's fees incurred by the authority as a result of the condemnees' conduct, without reason or lawful justification, in resisting the condemnation proceedings. On motion of the condemnees these paragraphs were stricken, and error is assigned on this order.

These paragraphs were properly stricken. The trial court had previously ruled that the condemnees had the right to resist the condemnation by petition for an injunction. No exception was taken to that order. The condemnees thus had the right to resist the housing authority's efforts to condemn their property, and the mere fact that their efforts were futile would not render them liable for the authority's expenses and attorney's fees incurred in defending their petition for an injunction. Compare *Hill v. Bush,* 206 Ga. 543 (57 SE2d 670); *King v. Pate,* 215 Ga. 593, 596 (112 SE2d 589).

■ The prayers of the housing authority for an injunction against the condemnees related solely to their action in seeking to enjoin the condemnation proceedings. Since we have ruled in division 1 of this opinion that the petition of the condemnees should have been dismissed, the refusal to enjoin the condemnees from proceeding on their petition, even if error, was

harmless, because the housing authority can now proceed to trial on its appeal from the award of the assessors.

*Judgment affirmed in part and reversed in part. All the Justices concur.*