### 23123. VARNADOE et al. v. HOUSING AUTHORITY OF THE CITY OF DOERUN.

CANDLER, Presiding Justice. The governing body of the City of Doerun, after finding that there was a necessity therefor, activated a housing authority for such city under and pursuant to the provisions of the Housing Authority Act of 1937 (Ga. L. 1937, p. 210). On November 7, 1963 such authority by resolution selected and approved sites for the construction of two low-rent housing projects which it had by resolution found and declared to be necessary. Later and on October 1, 1964, the authority adopted a resolution which recites that acquisition of the sites selected and approved by the resolution of November 7, 1963, is necessary for its two low-rent housing projects; that James J. and Margaret H. Varnadoe are the owners of one of them; that such owners are unwilling to give the authority an option to purchase it; and that condemnation of it is necessary. On February 28, 1965, the authority filed in the Superior Court of Colquitt County a proceeding in rem under the provisions of Chapter 36-11 of the Code to condemn and thus acquire title to such

land. Its petition, which was later amended, named James J. and Margaret H. Varnadoe as the apparent or ostensible owners of such land but alleged that there were others, both known and unknown, who might have an interest in or lien against the property sought to be condemned and taken. As exhibits to the petition, copies of the resolution which the authority adopted on November 7, 1963, and October 1, 1964, were attached to and by reference thereto made a part of the petition. A general demurrer which James J. and Margaret H. Varnadoe interposed to the petition as amended was overruled and they excepted to that judgment. James J. and Margaret H. Varnadoe answered the petition as amended and filed a cross action in which they prayed for affirmative injunctive relief. Their cross action alleges that the condemnor has no right or authority to condemn and thus acquire title to their property because (1) there is no need for such low-rent housing facilities in the City of Doerun and (2) the resolutions upon which the condemnation proceeding is predicated are null and void since two of the members of such housing authority, namely, Bill B. Slocumb and Jack H. Short are and were at all times mentioned in the petition city attorneys for Doerun and for that reason ineligible to serve as members of such housing authority under the provisions of *Code Ann.* § 99-1110 which declares that "No commissioner of an authority may be an officer or employee of the city or county for which the authority is created." The condemnor demurred to and moved to strike the condemnees' answer and cross action upon the grounds that the answer's averments raised no issuable defense to the petition as amended and the cross action alleged no facts sufficient to show that they were entitled to the injunctive relief sought thereby. The demurrer and motion to strike were sustained and the condemnees excepted to that judgment. *Held:*

1. The exception to the judgment overruling the condemnees' general demurrer to the petition as amended has not been argued either orally or in the brief of plaintiff in error and for that reason the exception will be treated as abandoned and hence no ruling on it will be made.

2. No issuable defense is raised by that portion of the condemnees' answer which avers that the authority made no valid effort to purchase their property by private contract prior to its institution of condemnation proceedings. The in

rem proceeding authorized by *Code Ch.* 36-11 does not require the condemning authority to make such an effort as a condition precedent to the institution of condemnation proceedings thereunder. See *Hoch v. Candler,* 190 Ga. 390 (2) (9 SE2d 622).

3. The answer avers that there is no necessity for the authority to condemn and thus acquire title to the condemnees' property since the condemnees purchased the property involved for their own personal use as a home site and there is other property in the city equally suitable as sites for the low-rent housing projects which the authority has by resolution selected and approved. Obviously this averment raises no issuable defense since the authority is vested with a broad discretion in the selection of sites necessary and desirable for the low-rent housing facilities it desires to construct and it is settled by the decisions of this court that the selection of what and how much property will be taken for a needed public use by a condemning authority will not be interfered with or controlled by the courts unless such selection is made in bad faith or beyond the power conferred by law. *King v. City of McCaysville,* 198 Ga. 829 (2) (33 SE2d 99); and *Kellett v. Fulton County,* 215 Ga. 551 (3) (111 SE2d 364).

4. The answer also avers that "there is absolutely no necessity for these proceedings" since there is no need for low-rent housing in the City of Doerun; that the condemnor is not seeking to condemn any slum area but unimproved property; and that there are no people in the City of Doerun at the present time who are in need of public housing. This averment of the answer raises no issuable defense. The authority by resolution found and declared that there was a present necessity for low-rent housing accommodations in the City of Doerun, and *Code Ann.* § 99-1119 (Ga. L. 1937, pp. 210 223) provides that an authority shall have a right to acquire by the exercise of the power of eminent domain any real property which it may deem necessary for its purposes after the adoption by it of a resolution declaring that the acquisition of the real property described therein is necessary for such purpose, and this court in *Scheuer v. Housing Auth. of Cartersville,* 214 Ga. 842 (1) (108 SE2d 264), with one Justice dissenting, said: "The right to take private property by the exercise of the power of eminent domain is an element of sovereignty, and will be upheld only when every pre-

requisite to its exercise has been fully met. It is not for the judiciary to give a reason for the condition precedent to the exercise of the power stipulated by the legislature, but only to recognize that condition and forbid the exercise of the power until the condition has been met." For like holdings, see *Savannah, Fla. &c. R. Co. v. Postal Tel. Cable Co.,* 112 Ga. 941 (2) (38 SE 353); *Gardner v. Georgia R. & Bkg. Co.,* 117 Ga. 522, 531 (4) (43 SE 863); and *City of Carrollton v. Walker,* 215 Ga. 505, 510 (111 SE2d 79).

5. The averment in the condemnees' answer that they are the owners of the legal title to the property described in paragraph 1 of the petition and their denial that title to the property sought to be condemned is defective, doubtful, incomplete or in controversy raises no issuable defense against the condemnor's right to institute condemnation proceedings for the purpose of acquiring title to the property involved; and this is true since *Code Ann.* § 36-1104 expressly authorizes a condemning authority to institute such a proceeding when it "shall find or believe that the title of the apparent or presumptive owner of such property is defective, doubtful, incomplete or in controversy; or that there are or may be persons unknown or nonresident who have or may have some claim or demand thereon, or some actual or contingent interest or estate therein; or that there are minors or persons under disability who are or may be interested therein; or that there are taxes due or that should be paid thereon; or shall, for any reason, conclude that it is desirable to have a judicial ascertainment of any question connected with the matter. . ."

6. No issuable defense was raised by that portion of the condemnees' answer which avers "that they have no knowledge that a resolution was adopted by the petitioner but that if said resolution was adopted, it was an arbitrary abuse of discretion in the members of the Housing Authority of the City of Doerun inasmuch as your defendant condemnees deny that it is necessary for the petitioner to condemn their property and that it is not necessary for such petitioner to be allowed the right of eminent domain in reference thereto." This does not amount to a denial by the condemnees of those allegations in the petition and the exhibits attached thereto which allege and show that the authority duly adopted resolutions finding and declaring a necessity for the low-rent

housing facilities it desired to construct in the City of Doerun and that the lands selected and approved as sites therefor were necessary for such public use.

7. The cross action alleges that the resolutions which the authority adopted are null and void because two of its members, namely, Bill B. Slocumb and Jack H. Short, were at the time of their adoption city attorneys for Doerun and therefore ineligible under that provision of *Code Ann.* § 99-1110 which provides that "No commissioner of an authority may be an officer or employee of the city or county for which the authority is created." This contention is unsustainable. Conceding, but not holding, that Slocumb and Short were ineligible to serve and act as members of the authority, their official acts while so serving were nevertheless valid as those of de facto officers and cannot be here collaterally attacked upon the ground that they were incompetent members of the authority. See *Code* § 89-101; *Wright v. State,* 124 Ga. 84 (52 SE 146); *Tarpley v. Carr,* 204 Ga. 721 (51 SE2d 638); and *Zorn v. Walker,* 206 Ga. 181 (1) (56 SE2d 511).

8. For the reasons stated in the preceding divisions of this opinion, it necessarily follows that the court did not err as contended in sustaining a general demurrer to and striking the condemnees' answer and cross action.

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*

ARGUED SEPTEMBER 15, 1965—DECIDED OCTOBER 7, 1965—REHEARING DENIED OCTOBER 19, 1965.

*Twitty & Twitty, Frank S. Twitty,* for plaintiffs in error.
*Robert H. Cranford, J. Lundie Smith,* contra.