23452.  MILLER et al. v. GEORGIA POWER COMPANY.

Argued May 9, 1966—Decided May 26, 1966—
Rehearing denied June 9, 1966.

*Adams, Barfield & Miller, Ben J. Miller,* for appellants.
*Bentley H. Chappell, Foley, Chappell, Young, Hollis & Schloth, R. R. Jones,* for appellee.

Almand, Justice. Ray M. Miller, by his guardian, brought his equitable petition against Georgia Power Company, a public utility company, in which he prayed that the defendant be en-joined from going forward with a condemnation proceeding under *Code* § 36-401 for the purpose of obtaining an easement across

a tract of land of the plaintiff in Terrell County, and erecting a transmission line with towers, frames or poles, the strip of land for the proposed line being 100 feet in width.

The appellant and owner of the land across which the easement was sought by condemnation prayed in his petition that the Georgia Power Company be enjoined from proceeding with its condemnation on the grounds (1) "that the proposed right of way, a part of which proposed right of way is sought to be condemned by the defendant over lands of the plaintiffs, is not the most direct route from said lands of Georgia Power Company in the aforesaid northwest corner of said Land Lot No. 19 to said point in the north central portion of said Land Lot No. 220"; (2) that "plaintiffs further have proposed to the defendant a route across plaintiffs' lands that is less damaging to the plaintiffs' property but defendant has refused to consider the location of said right of way on said less damaging route through plaintiffs' property, giving as its only reason therefor that to do this would require the right of way to cross lands of other landowners that it did not want to cross; no technical nor logical reason being given by the defendant to the plaintiffs for not following said less damaging route across plaintiffs' land"; (3) that "the said proposed right of way line is not necessary for the defendant's purpose in establishing a transmission line between said two points, particularly considering that the defendant now has and uses a right of way line between said two points . . . that the determination by the defendant of the location of a right of way line between said two points on the basis of wishing or not wishing to cross the lands of said other landowners is an arbitrary abuse of its discretion"; (4) "that defendant is illegally and in bad faith attempting to exercise its power of eminent domain because it already has ample land and easements which could be used for the purposes for which it is seeking to condemn the plaintiffs' property"; and (5) "that plaintiffs purchased the above described land for the purpose of subdividing it and selling individual lots for construction of residential dwelling houses. . ."

The general demurrer of the defendant was sustained. The plaintiff, by appeal, seeks to set aside this judgment.

The appellee (the condemnor) is a public utility having the

power to exercise the right of eminent domain. This court in many cases has decided under what circumstances this right may be denied by a court of equity. In *Piedmont Cotton Mills v. Georgia R. &c. Co.*, 131 Ga. 129, 133, 134 (62 SE 52), it was said, "The mere fact that another location would be equally as feasible, practicable, and desirable would not of itself be sufficient to force the company to change to such location and abandon the location selected. If the company could be made to do this, it might have difficulty in ever securing a location where there existed over the property of one or different persons various routes equally as practicable, feasible, and desirable. A large discretion is vested in a party having the right to condemn, in the selection of the particular property to be condemned; and such selection should not be interfered with or controlled by the courts, unless made in bad faith, or capriciously or wantonly injurious, or in some other respect beyond the privilege conferred by statute or its charter." In *King v. City of McCaysville*, 198 Ga. 829 (2, 3) (33 SE2d 99), and followed in *Kellett v. Fulton County*, 215 Ga. 551 (3) (111 SE2d 364), it was said, "In the absence of bad faith, the exercise of the right of eminent domain rests largely in the discretion of the authority exercising such right, as to the necessity, and what and how much land shall be taken. A landowner can not prevent the taking of his property for public purposes merely because there is other property which might have been suitable for the purpose."

The allegations of a pleader are to be construed most strongly against the pleader when attacked by demurrer. *Lee v. City of Atlanta*, 197 Ga. 518 (1) (29 SE2d 774). So "allegations of the petition to the effect that 'the proposed taking of said property is not of public necessity,' and 'is not necessary for State or for municipal purposes'; 'there is no need nor public necessity at any time' for the condemnation of homes and property of citizens of Carrollton; and that the proposed route through the city is 'wholly unnecessary and not of a public necessity'; amount to nothing more than mere conclusions of the pleader, wholly unsupported by any fact or facts to show an arbitrary abuse of the discretion vested by law in the State Highway Department. 'General and loose allegations, consisting merely of the statement

of conclusions, without averring the facts upon which the conclusions are based, are too indefinite to raise an issue.' " *City of Carrollton v. Walker*, 215 Ga. 505, 509, 510 (111 SE2d 79).

The allegations in the petition that the route chosen by the appellee for the construction of its power line was not (a) necessary, (b) that another and more direct route was obtainable and (c) the selection of the line through the property of appellant was the result of bias, are insufficient to support the conclusions of the petition in these three regards. The fact that the appellants plan or propose to use their property for subdividing and selling lots for construction of residential dwelling houses would not in itself prevent the condemnor from exercising the right of eminent domain.

It was not error to sustain the general demurrer and dismiss the petition.

*Judgment affirmed. All the Justices concur.*