## HAMILTON *v.* McCROSKEY.

1. The statutory liability for "double rent," incurred by a tenant for unlawfully withholding from a landlord the possession of rented premises, is not a demand arising ex contractu. The provision in § 4817 of the Civil Code, that judgment shall go against such a tenant "for double the rent reserved or stipulated to be paid," relates merely to the measure of the amount for which the tenant shall be liable, and does not characterize the landlord's demand for double rent during the period of unlawful detention as a debt springing out of the original contractual relation.

2. A demand of the nature above indicated is not provable in bankruptcy, and therefore the right of a landlord to proceed with a dispossessory warrant, and as an incident thereto to obtain a judgment for double rent, is not affected by the tenant's discharge in bankruptcy obtained during the pendency of the dispossessory proceeding.

3. There was in the present case, as to all disputed issues, sufficient evidence to warrant the verdict which the jury returned in the plaintiff's favor, and there was no error in denying a new trial.

Argued January 2, — Decided January 26, 1901.

Dispossessory warrant. Before Judge Lumpkin. Fulton superior court. January 24, 1900.

*D. S. Craig* and *Hamilton Douglas,* for plaintiffs in error.
*Reed & Hartsfield,* contra.

LEWIS, J. On June 23, 1896, Mrs. L. M. McCroskey, through her agent, swore out a dispossessory warrant against J. S. and K. S. Hamilton, the affidavit alleging that the tenants had failed to pay the rent due on the house and premises, and that they were holding same over and beyond the term for which they were rented, plaintiff having demanded possession of the premises, which defendants refused to deliver. In reply, the defendants denied that the term for which they had rented the land had expired, and alleged that they were not holding over and beyond their term. The case, after coming to this court (see 108 *Ga.* 640), continued pending in Fulton superior court until the September term, 1899, when defendants offered an amendment to their pleadings, alleging that since the filing of their original counter-affidavit, to wit, on December 1, 1899, they had been each regularly discharged by the district court of the United States, sitting in bankruptcy, from all debts and claims provable in bankruptcy against their respective estates, and which were in existence on the 5th day of September, 1899, when their petitions for adjudication were filed. They further claimed in their amendment that, by virtue of their discharge in bankruptcy, they were released from all liability to the plaintiff, and that they had delivered possession of the property in controversy to her on October 14, 1897, and had moved away from the place. On the trial the jury found a verdict for the plaintiff, and also found for the plaintiff the sum of $960.00 as double rent; and judgment was accordingly rendered against the defendants and against Joseph Jacobs, the security on their bond. Defendants moved for a new trial, on the general grounds that the verdict was contrary to law and the evidence, and because of alleged error of the court in charging the jury to the effect that the discharge in bankruptcy pleaded by the defendants could not protect them from this case or cause it to abate, or prevent the plaintiff from proceeding with it, and that therefore, as matter of law, all further question as to the plea of bankruptcy was removed from the consideration of the jury. The defendants further complained of the charge of the

court to the effect that if the jury should decide from the evidence that the defendants were tenants holding over, or that they failed to pay the rent when it was due, they could look to the evidence and see the value of the premises for rent, and their verdict should be for double that amount. The court below overruled the motion for a new trial, to which judgment the defendants excepted.

This proceeding was instituted by the plaintiff below by virtue of the provision of section 4813 of the Civil Code, which allows the owner of premises to dispossess a tenant who shall hold possession of the tenements over and beyond the term for which they were leased to him, or who shall fail to pay the rent when the same shall become due, and who shall refuse to deliver possession after demand made. It will be seen from the record that the defendants in their counter-affidavit did not join issue that demand for possession had been made on them and they refused to deliver, but admitted that possession had been demanded of them and that they had refused to deliver the same, claiming that their term of rent had not expired and that they were not holding possession of the premises beyond their term. It seems from the amended answer, filed at the September term, 1899, of Fulton superior court, that they continued in possession of the premises in dispute until October 14, 1897.

The main ground for reversal relied upon by counsel for plaintiffs in error is the discharge of the Hamiltons in bankruptcy. It is claimed that the amount of their debt due for rent of the premises in dispute was provable, and that therefore their discharge relieved them from all liability on that account. The original proceeding instituted by the plaintiff below was an action ex delicto, founded upon a tort committed by the defendants, and its prime object was to get possession of lands unlawfully withheld from the owner by tenants who had failed to pay their rent when due. The bankruptcy act grants no relief against such a liability as this. Section 4817 of the Civil Code provides that if the issue specified in the preceding section shall be determined against the tenant, judgment shall go against him for double the rent reserved or stipulated to be paid; or, if he be a tenant at will or by sufferance, for double what the rent of the premises is shown to be worth, and the movant or plaintiff shall have a writ of possession, and be by the sheriff, deputy, or constable placed in possession of the premises.

This provision relates merely to the measure of the amount for which such a tenant shall be liable, and does not characterize the landlord's demand for double rent during the period of unlawful detention as a debt springing out of the original contractual relation. It is really an incident to the action instituted by the dispossessory warrant, and is in the nature of a penalty inflicted upon the tenant for the tort he has committed. In Collier on Bankruptcy, 345 et seq., in treating of judgments imposing fines or in the nature of penalties for offenses or wrongs, the author says: " Such judgments entered before commencement of proceedings in bankruptcy do indeed evidence a fixed liability absolutely owing at the time, but we feel confident that they are not provable. · They are within the letter of the law, but not within the spirit of it. Under all former acts they have been considered as not provable. Such fines imposed as a punishment are not to be considered debts." In the course of his discussion the author refers to a case where a fine was imposed for a contempt of an injunction order, the fine being a punishment for the contempt, though payable to the party who sued out the injunction and who was damaged by the violation of it, and says : " It would thus seem that a fine imposed by a judgment is not a provable debt if imposed nominally as a punishment, although in reality as a compensation to the creditor for the pecuniary injury he has sustained by reason of the commission of the act constituting the offense." The only clause of the bankruptcy act under which plaintiffs in error can possibly claim that this is a debt provable in bankruptcy is paragraph 4 of section 63, which enumerates, among the debts provable in bankruptcy, " contracts express or implied." Lowell, in his Treatise on the Law of Bankruptcy, on page 486, states that the terms of paragraph 4 relate only to contracts made by the parties themselves, and will not, therefore, cover that large class of actions on contracts implied in law, which are sometimes called implied contracts, as liabilities of this kind are imposed upon the parties irrespective of any contract between them. He adds: " They are not really contracts at all, and are now more usually called quasi-contracts."

It is evident, then, we think, that a demand of the nature above indicated is not provable in bankruptcy ; and therefore the right of a landlord to proceed with a dispossessory warrant, and as an incident thereto to obtain a judgment for double rent, is not affected

by a discharge of the tenant in bankruptcy, obtained during the pendency of the dispossessory proceeding. The action itself was not instituted for the purpose of recovering any particular amount as rent, but to recover possession of property wrongfully withheld from the owner, and of course the bankruptcy proceeding can have no effect upon such a right of a complaining party. Now, should the tenant resist this proceeding and seek to continue to hold the property upon the plea that he is entitled to the possession of it, the statute simply gives the plaintiff the right, as an incident to his dispossessory warrant, to recover double the amount of the rent in the event the defendant fails to sustain his plea. We think, therefore, that the court below did not err in instructing the jury that the plea of discharge in bankruptcy had no effect upon the rights of the plaintiff in this case.

It is further contended that the verdict in this case was without evidence to support it. Upon a careful review of the entire record, we think that the evidence was sufficient to warrant the verdict, and that there was no error in denying a new trial.

*Judgment affirmed. All the Justices concurring.*