## WRIGHT *v.* THE STATE.

1. Even if a person be ineligible to hold the office of jury commissioner, yet if he is appointed to such office and acts therein, he is, while so acting, a jury commissioner de facto, and the official acts of the board of jury commissioners wherein he participated are valid, and can not be collaterally attacked upon the ground that such person was incompetent to hold the office of jury commissioner.
2. The evidence fully warranted the verdict, and there was no error in refusing to grant a new trial.

Submitted October 18,—Decided November 9, 1905.

Indictment for playing and betting. Before Judge Harwell. City court of LaGrange. August 16, 1905.

*E. T. Moon,* for plaintiff in error.

*Henry Reeves, solicitor,* contra.

FISH, C. J.   The plaintiff in error was tried by a jury in the city court of La Grange, under an indictment charging him with the offense of playing and betting at cards.   When the panel of jurors was put upon him, he challenged the array, in writing, upon the ground that Olin Carlton, one of the jury commissioners, "who helped prepare the jury-list from which the jury-box was prepared, from which said panel of jurors was drawn, was, at the time of his appointment as jury commissioner and at the time he helped prepare said jury list, a duly elected, qualified, and acting justice of the peace of said county;" and that therefore the whole proceeding by the jury commissioners in preparing the list of jurors for the jury-box was illegal.   In answer to this challenge, the State, by its solicitor, admitted the facts alleged therein, but denied that they constituted any sufficient ground for challenge to the array.   The court overruled the challenge, and the accused excepted pendente lite.   Upon the trial the jury returned a verdict finding the accused guilty.   He made a motion for a new trial upon the general grounds, which was overruled, and he excepted, assigning error in his bill of exceptions both upon the overruling of this motion and upon the overruling of his challenge to the array of jurors.

1. County officers are not eligible for appointment and service on the board of jury commissioners. Penal Code, §813. It is contended that a justice of the peace is a county officer, and, for the purposes of this decision, this contention may be admitted. We assume, then, that Carlton, the justice of the peace, was, while holding that office, ineligible for appointment as a jury commissioner. The fact that he was ineligible to hold the office of jury commissioner did not prevent his being a jury commissioner de facto. A case precisely in point and conclusive of the question before us is *Smith* v. *Bohler,* 72 *Ga.* 546, where it was held that a person ineligible to hold a particular office is, while de facto in such office, competent to act therein. A ruling to the same effect was made in *Hinton* v. *Lindsay,* 20 *Ga.* 746, where it was held that "A justice of the peace who, notwithstanding his removal to an adjoining district, continues to act under his former commission, is an officer de facto, and his acts as such are not void, so far as the public and third persons are concerned; neither can they be invalidated in a proceeding to which he is not a party." In *Pool* v. *Perdue,* 44 *Ga.* 454, it was held that one holding a commission from the Governor as notary public and ex officio justice of the peace, and acting as such, is a de facto officer, and his official acts can not be collaterally attacked on the ground that his appointment was not authorized by law. But, aside from these cases and other Georgia cases which are, in principle, to the same effect, the question presented in the present case is settled by the Political Code, §223. Under the law as there laid down, although a person may be absolutely ineligible to hold any civil office whatever in this State, yet his official acts, while holding a commission as a public officer, are valid as the acts of an officer de facto. It is well settled that the acts of an officer de facto can not be collaterally attacked, and the above-cited cases so hold. It follows that there was no error in overruling the challenge to the array of jurors.

2. The evidence fully warranted the verdict, and there was no error in refusing to grant a new trial.

     *Judgment affirmed. All the Justices concur.*