## LONG v. THE STATE.

A special election for a justice of the peace in a militia district is a State election, within the meaning of the Penal Code, § 446, prohibiting the selling and furnishing of liquors on days of election, State, county, or municipal, within two miles of an election precinct.

Argued December 17, 1906.—Decided January 15, 1907.

Indictment for misdemeanor. Before Judge Spence. Decatur superior court. November 23, 1906.

Russell & Hawes and R. G. Hartsfield, for plaintiff in error.

W. E. Wooten, solicitor-general, and I. J. Hofmayer, contra.

ATKINSON, J. The accused was indicted for the offense of selling, giving, and furnishing liquor within two miles of an election precinct at which an election was being held. The election was a special election for a justice of the peace in a district in which a vacancy had occurred. A demurrer upon various grounds was in-

terposed. The demurrer was overruled, and the accused excepted. The controlling question in this case is whether a special election of the character above indicated is within the operation of the Penal Code, § 446. The constitution imposes upon the General Assembly the imperative duty to enact a law forbidding "the sale, distribution, or furnishing of intoxicating drinks within two miles of election precincts on days of election—State, county, or municipal." Civil Code, § 5742. In compliance with this mandate of the constitution, the General Assembly, in the section of the Penal Code above cited, has declared it to be unlawful to sell, furnish, or give liquor, on election days, within two miles of an election precinct where any State, county, municipal, local-option liquor law, or primary election is being held. The purpose of the framers of the constitution was to forbid the selling or furnishing of liquors within two miles of election precincts on days of elections for every public officer who could be styled a State, county, or municipal officer. It was intended that the laws enacted in pursuance of this mandate of the constitution should be exhaustive as to elections at which any such officers were elected. The General Assembly, in passing the law, has simply followed the classification laid down in the constitution, and every election for a public officer contemplated by the constitution is, by the use of the same language in the act, brought within the operation of the statute. The test, therefore, as to whether an election is within the meaning of the statute may be properly determined by ascertaining whether the officer elected is within any one or more of the classes above referred to. If he is, then the election at which he is to be chosen is one within the contemplation of the Penal Code.

A justice of the peace is not a municipal officer in any sense. A justice of the peace sometimes performs functions which, under other circumstances, are performed by a county officer. While a justice of the peace might possibly be classed as in a certain sense a county officer, this is really not the true way of designating the office that he holds. The justice court over which he presides is a part of the State judicial system. It is a constitutional court, and there is constitutional provision for his election by the legal voters of his district. He is an officer of the State. While his functions can be exercised only in a given county, and generally in the district of his residence only, he is nevertheless an officer of

the State. At any election where a State officer is to be elected, although the election is being held simply in one county or in one district of that county, the election takes on the character of a State election, and the selling· or furnishing of liquor within two miles of the precinct within which the election is being held is a violation of the law. There was no error in overruling the demurrer. See, in this connection, *Rose* v. *State*, 107 *Ga.* 697.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*