### GRIMSLEY *v.* MORGAN.

No. 9594.   DECEMBER 13, 1933.

*W. I. Geer,* for plaintiff.   *A. H. Gray,* for defendant.

RUSSELL, C. J.   (After stating the foregoing facts.)   The charge of the court in this case is very brief.   A careful examination of the record discloses that there was but one real issue between the parties, and this is controlling in its nature.   Was the defendant in the court below disqualified to hold the office of ordinary of Early County, for the reasons set forth by the plaintiff in his petition? The petition alleged that he was a tax defaulter in Early County in certain named years, and in Calhoun County and the City of Arlington.

It is a universal principle that the plaintiff carries the burden of proving his case as laid, or he is not entitled to a recovery either in law or equity.   The defendant need introduce no proof as to a matter which is charged against him by the plaintiff, but which is entirely unsupported by proof either in behalf of the plaintiff or which may otherwise be brought to the attention of the court and jury in the course of the investigation.   The plaintiff alleged in his

petition that the defendant was a tax defaulter in Early County, but the undisputed evidence shows that the tax fi. fas. were all satisfied more than six months before the election in which the defendant was a candidate. The petitioner did not even attempt to prove the allegations as to Calhoun County and Arlington. We are cited in the brief to numerous authorities dealing with the law as to registration, and the effect which results from a registered voter becoming disqualified as a voter by failing to comply with regulations relating to registration; but the petitioner has failed to establish by proof that the defendant has not performed his duties as a citizen as to every charge made in the petition. The plaintiff introduced no evidence to show that the defendant registered illegally, or that he had not registered, or that he was not lawfully entitled to registration, or that he was not in fact lawfully registered six months before the election involved in this case. The case for the plaintiff seems to rest upon the presumption that the law in these respects has been entirely disregarded; whereas the presumption, if any, is altogether to the contrary, the law presuming, in the absence of evidence to the contrary, that every citizen has obeyed the law. This court could as easily assume that the defendant was a tax defaulter in Calhoun County and in the City of Arlington because he did not introduce proof that he was not a tax defaulter, as to assume, when the plaintiff was called upon to prove *his* case, that the respondent had failed to comply with all or any part of the requirements of the Civil Code (1910), §§ 36, 40, 41, 42, 43, 46, 47 relating to registration. Regardless of errors or defects in the charge of the court, if such in fact exist (and we are not ruling at this time upon this question), we are thoroughly satisfied, after a careful examination of the evidence, that no verdict could have been legally rendered other than that which was returned by the jury, no matter what the court might have charged. A number of cases might be cited where upon motion for new trial the juries were found to have rightly decided the case under the evidence and the true law, although their finding was in conflict with explicit instructions upon the law as delivered from the bench. In *Hall* v. *Rogers,* 114 *Ga.* 357 (2) (40 S. E. 250), it was held that "Errors in a charge are immaterial when the verdict rendered was, under the law applicable, demanded by the evidence." In the case cited the judge granted a new trial, doubtless being of the opinion

that he had erred in some instructions to the jury; but in the opinion of this court it was said that if "the evidence demanded the verdict, as we are prepared to hold it did, the finding of the jury should not be set aside because of any erroneous instructions which may have been given to them. This is obvious."

*Judgment affirmed. All the Justices concur, except Hill, J., absent because of illness.*