**. 23092. DAVIS v. MERCER.**

DECIDED JANUARY 9, 1934.

*H. H. Elders,* for plaintiff.   *C. L. Cowart,* for defendant.

STEPHENS, J.   J. I. Davis, a defeated candidate for justice of the peace in an election held in the 351st district G. M. of Tattnall county, Georgia, on December 3, 1932, as required by sections 121 et seq. of the Political Code of 1910, filed notice with the successful candidate, C. Mercer, of a contest of the election. The ground of the contest was that Mercer, by reason of not having, for a period more than six months prior to the election, paid the poll taxes required of him for the years 1930 and 1931, was not qualified to vote at the election, and was therefore not eligible to hold the office of justice of the peace to which he had been elected. After the testimony had been taken as required by the statute, the proceedings were returned to the superior court where, on January 24, 1933, the issues were there tried upon an agreed statement of facts. It appeared that the name of C. Mercer was on the registration list of voters of the district, and that he had voted in the general State election which had been held on November 8, 1932, previously, and that, on November 15, 1932, he had paid all taxes required of him, including poll taxes, for the years 1930 and 1931. The court found against the contestant, and rendered a judgment declaring C. Mercer duly elected justice of the peace for the district and entitled to be commissioned as such. To this judgment the contestant excepted.

As the grounds of the contest appear to be without merit, it is unnecessary to decide whether the contestant's remedy was by proceedings in the nature of a quo warranto to try the title to the office, or by contesting the election, as he did, under the provisions of section 121 of the Political Code of 1910.

A justice of the peace is not a county officer, and the provisions of section 258 (7) of the Political Code of 1910, that no person is eligible to hold a county office who is not "a qualified voter en-

titled to vote," has no application to the office of justice of the peace. *Overton* v. *Gandy,* 170 *Ga.* 562 (153 S. E. 520). The eligibility of a person for the office of justice of the peace is, as respects his being a voter, as provided in section 4661 of the Civil Code of 1910, that he must be "entitled to vote for the members of the General Assembly." Where an election for justice of the peace was held on December 3, 1932, the qualification on that date, and on the date of taking office thereafter, by the person elected to the office to vote for members of the General Assembly, is not a qualification to vote for members of the General Assembly in the preceding general election at which members of the General Assembly had been elected, but the qualification must be that of a voter whose name is on the registration list, and who, at the time, has paid all taxes required of him as one qualified to vote in an election for members of the General Assembly to be held more than six months after the date of the payment of the taxes. *Overton* v. *Gandy,* supra. Mercer, the successful candidate, being at the time of his election in November, 1932, a registered voter, and having, on November 15, 1932, prior to his election as justice of the peace, paid all taxes required of him, and this being done more than six months prior to the next election in November, 1934, for members of the General Assembly, was, on the date of his election as justice of the peace, a qualified voter for members of the General Assembly, and was therefore at the time eligible to the office. It not appearing that Mercer afterwards, by a nonpayment of further taxes required of him, or otherwise, became disqualified as a voter for members of the General Assembly, he, presumably, upon taking office was a qualified voter for members of the General Assembly, and was therefore eligible to the office. *Grimsley* v. *Morgan,* 178 *Ga.* 40 (172 S. E. 49). The court did not err in the judgment rendered.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*