## Zorn v. Walker et al.

Hawkins, Justice. 1. While a justice of the peace is such an elective officer of the State (*Long* v. *State,* 127 *Ga.* 285, 56 S. E. 424) as would render him ineligible under the provisions of the Code (Ann. Supp.) § 99-503, for appointment by the constituted fiscal or financial agents of a county as a member of the county board of public welfare, yet, notwithstanding such ineligibility, if he be appointed as a member of the county board of public welfare and acts as such, he is, while so acting, a member of the county board of public welfare de facto, and the official acts of the board wherein he participates are valid, and cannot be collaterally attacked upon the ground that such person was incompetent to hold such office. *Wright* v. *State,* 124 *Ga.* 84 (52 S. E. 146); *Tarpley* v. *Carr,* 204 *Ga.* 721 (51 S. E. 2d, 638).

2. Code (Ann. Supp.) §§ 40-2207 and 40-2208, and Rule 14.402, on page 28, of the Rules and Regulations of the State Personnel Board, provide that any employee under the merit system, who is dismissed, shall have the right of appeal under the rules and regulations prescribed by the Merit System Council, and that the Personnel Board, within three days after the hearing on such an appeal, shall make its decision in writing to the appointing authority, which shall be final; and a decision rendered by the State Personnel Board under the provisions thereof is not null and void as being violative of the due-process clauses of the State and Federal Constitutions. Rule 14.401, page 28, of the Rules and Regulations of the State Personnel Board, provides: "A permanent employee who is dismissed, . . shall have the right to appeal to the board not later than fifteen days after the effective date of the dismissal. . . Such appeal shall be in writing and transmitted to the director, who shall arrange a formal hearing before the board at the next regular monthly meeting or within thirty days after receipt of the appeal. The director shall furnish the board and the department heads with a copy of the appeal ten days in advance of the hearing. Both

the employee and the appointing authority shall be notified five days in advance of the hearing, and shall have the right to present witnesses and give evidence before the board." The fact that no appeal is provided from the decision of the State Personnel Board does not contravene the constitutional provisions above referred to, for there is no section of the Constitution which specifically provides for an appeal. Smith v. Duggan, 153 Ga. 463 (112 S. E. 458). The due-process clause, and article 1, section 1, paragraph 4 (Code, Ann., § 2-104) of the Constitution of Georgia of 1945, providing that "No person shall be deprived of the right to prosecute or defend his own cause in any of the courts of this State, in person, by attorney, or both," do not guarantee to the citizen of the State any particular form or method of State procedure. Its requirements are satisfied if he has reasonable notice and opportunity to be heard, and to present his claim or defense, due regard being had to the nature of the proceeding and the character of the rights which may be affected by it. City of Macon v. Benson, 175 Ga. 502 (166 S. E. 26). Rule 14.401, above quoted, provides for reasonable notice and opportunity to be heard.

3. Applying the foregoing principles to the petition in this case, which sought to enjoin the State Personnel Board and the County Welfare Board from employing a County Welfare Director upon the grounds dealt with in the preceding headnotes, it failed to state a cause of action and the trial court did not err in sustaining the demurrers thereto.

*Judgment affirmed. All the Justices concur; Duckworth, C. J., concurs in the judgment only.*

No. 16868. November 16, 1949.

R. L. Dawson and C. L. Cowart, for plaintiff.

Eugene Cook, Attorney-General, M. H. Peabody, Assistant Attorney-General, Frank H. Edwards, J. T. Grice, and T. L. Howard Jr., for defendants.