## 24992. STATE OF GEORGIA v. SANKS, nee JONES, et al.
## 24993. HOUSING AUTHORITY OF THE CITY OF ATLANTA et al. v. SANKS, nee JONES, et al.

ARGUED JANUARY 13, 1969—DECIDED JANUARY 23, 1969—
REHEARING DENIED FEBRUARY 6, 1969.

*Arthur K. Bolton, Attorney General, Alfred L. Evans, Jr., A. Joseph Nardone, Jr., Assistant Attorneys General,* for appellant in case No. 24992.

*Charles B. Webb, Robert B. Newman, D. Freeman Hutton, John William Brent, Michael D. Padnos, Isabel Gates Webster, G. Lemuel Hewes, King & Spalding,* for appellees.

*King & Spalding, Charles M. Kidd,* for appellant in case No. 24993.

*Michael D. Padnos, Alfred L. Evans, Jr., Assistant Attorney General, Robert B. Newman, D. Freeman Hutton, John William Brent, Isabel Gates Webster,* for appellees.

UNDERCOFLER, Justice. This appeal is from the trial court's ruling that *Code* §§ 61-303 and 61-305 relating to dispossessory warrant proceedings are unconstitutional under the equal protection and due process clauses of the 14th Amendment to the United States Constitution (*Code* § 1-815) and corresponding provisions of the Georgia Constitution (*Code Ann.* §§ 2-102, 2-103, 2-104; Art. I, Sec. I, Pars. II, III, IV, Const. 1945).

·Code § 61-303 requires a tenant as a condition precedent to filing a defense to a dispossessory warrant to "tender a bond with good security, payable to the landlord, for the payment of such sum, with costs, as may be recovered against him on the trial of the case."

*Code Ann.* § 61-305 directs that if the issue shall be determined against the tenant, judgment shall go against him for double the rent.

1. "The Fourteenth Amendment to the Federal Constitution does not prevent a state from prescribing a reasonable and appropriate condition precedent to the bringing of a suit of a specified kind or class so long as the basis of distinction is real and the condition imposed has reasonable relation to a legitimate object." 16 AmJur2d 925, § 535; 16A CJS 507, § 559; Jones v. Union Guano Co., 264 U. S. 171, 181 (44 SC 280, 68 LE 623). The rule is equally applicable to the filing of a defense.

In our opinion. *Code* § 61-303 requiring a tenant filing a defense to a dispossessory warrant to post a bond to secure the

landlord is not unreasonable. To the contrary, it is entirely appropriate and equitable to guarantee payment to the landlord while a tenant resists eviction and has the use and benefit of the premises. The fact that a tenant in a particular case is indigent and unable to furnish a bond does not permit a different conclusion. *Napier v. Varner,* 149 Ga. 586 (2) (101 SE 580); *Reardon v. Bland,* 206 Ga. 633, 639 (3) (58 SE2d 377). "One of the principles on which this government was founded is that of equality of right, and this principle is emphasized in the equal protection clause of the Fourteenth Amendment. The Constitution of the United States is no respecter of the financial status of persons, and rich and poor are to be accorded equal rights under it." 16 AmJur2d 851, § 489.

"The due-process clause, and Art. I, Sec. I, Par. IV (*Code Ann.* § 2-104) of the Constitution of Georgia of 1945, providing that 'No person shall be deprived of the right to prosecute or defend his own cause in any of the courts of this State, in person, by attorney, or both,' do not guarantee to the citizen of the State any particular form or method of State procedure. Its requirements are satisfied if he has reasonable notice and opportunity to be heard, and to present his claim or defense, due regard being had to the nature of the proceeding and the character of the rights which may be affected by it." *Zorn v. Walker,* 206 Ga. 181 (2) (56 SE2d 511).

"The proceeding to dispossess a tenant holding over is not instituted primarily for the purpose of collecting rent. Its main purpose is to restore the landlord to the possession of the premises, and the imposition upon the tenant of a liability for double rent is an incident to the proceeding, and is in the nature of a penalty inflicted upon him for the wrong he has committed in refusing to deliver possession of the premises after demand is made upon him." *Willis v. Harrell,* 118 Ga. 906, 910 (45 SE 794); *Hamilton v. McCroskey,* 112 Ga. 651 (37 SE 859).

It is not unreasonable to allow appropriate damages as provided by *Code Ann.* § 61-305 against a tenant for unlawfully withholding possession of the landlord's premises. The summary dispossessory warrant proceeding is limited to failure to pay rent, holding over, or holding as a tenant at will or suf-

ferance, all of which facts should be within the knowledge of the tenant. The statutory damages provided by *Code Ann.* § 61-305 are reasonably calculated to compensate the landlord for having been unlawfully denied the use of his premises and to deter a tenant from asserting frivolous defenses to a rightful dispossession.

Except in extremely unusual circumstances, it is difficult for us to conceive that a landlord would attempt to oust a tenant who is complying with the terms of his lease. However, if this should occur, the tenant is not without remedy. He can sue for damages for wrongful eviction. *Crusselle v. Pugh,* 71 Ga. 744 (2); *Cannon v. Laing,* 153 Ga. 88 (3, 4) (111 SE 565).

Furthermore, if the relationship of landlord and tenant does not exist and the occupant is unable to post bond because of his financial condition, an equitable remedy is available to him. *Pope v. Thompson,* 157 Ga. 891 (1) (122 SE 604); *Harvey v. Atlanta & Lowry Nat. Bank,* 164 Ga. 625 (2) (139 SE 147); and *Sims v. Etheridge,* 169 Ga. 400 (1) (150 SE 647).

Accordingly we cannot say that *Code* §§ 61-303 and 61-305 are unreasonable and therefore unconstitutional within the meaning of the Fourteenth Amendment to the United States Constitution and the comparable provisions of the Georgia Constitution.

2. For the reasons stated, the trial court erred in holding that *Code* §§ 61-303 and 61-305 are unconstitutional, in allowing the tenants to file their counter-affidavits without first posting the bond required by *Code* § 61-303, and in holding that the tenants be permitted to assert their defenses without being subjected to the double rent provision of *Code Ann.* § 61-305.

*Judgment reversed. All the Justices concur.*