45180—45237. RUSH v. SOUTHERN PROPERTY
MANAGEMENT, INC. et al. and 57 related cases.
45263. WHEAT v. BOLTON GARDEN
APARTMENTS, INC. et al.
45264. HUNTER et al. v. SOUTHERN PROPERTY
MANAGEMENT, INC. et al.

WHITMAN, Judge. These numerous appeals are taken by tenants of a large apartment complex who sought in the court below to arrest dispossessory warrant proceedings instituted against them as authorized by the Georgia eviction statute. The objections consist of a direct attack on the constitutionality of *Code Ann.* §§ 61-303, 61-305 and objections to certain orders of the trial court entered during the course of the litigation. *Held:*

1. The enumerations of error concerning the constitutionality of *Code Ann.* §§ 61-303 and 61-305 present nothing for review as the Supreme Court has settled these contentions adversely to appellants in *State of Ga. v. Sanks,* 225 Ga. 88 (166 SE2d 19).

2. The remaining three enumerations of error are also without merit. These all relate to the order of the trial court permitting the appellants to continue in possession of the premises and requiring the appellant tenants to pay into the registry of the court "rent as it becomes due . . . and all rent now due." Shortly after signing this order, the trial court vacated it and still later, pursuant to appellees' motion, the court ordered the disbursement of the rentals held in the registry to the appellees.

(a) Appellants now contend that the original order of court concerning the paying of rent into the court was erroneously entered as there is no authorization for this procedure under the law of this State. We agree that there is no authority under the statute for this procedure. However, it is readily apparent from the records in these cases that appellants affirmatively sought this relief as a means to avoid the statutory requirement of posting the double-rent bond in order to arrest the dispossessory proceedings. Also, on oral argument of these cases, counsel for appellants conceded that this order was obtained in an ex parte appearance before the trial judge, who signed it after making some changes in the draft submitted by counsel. Whether changed or not, the order was signed at the request of those now objecting to its validity. This cannot be done. One cannot complain of a judgment, order, or ruling that his own procedure or conduct aided in causing. *Don v. Don*, 162 Ga. 240 (133 SE 242); *Wallis v. Watson*, 184 Ga. 38 (190 SE 360); *Bennett v. Bennett*, 210 Ga. 721 (82 SE2d 653); *Henley v. Henley*, 217 Ga. 612 (124 SE2d 86). Furthermore, any error in the order is harmful only to the appellees as they have been denied the rentals due them from the continued possession and occupancy of the premises by the appellants. Only the party who has been harmed by the error can complain. *Martin v. Hendon*, 224 Ga. 221, 223 (160 SE2d 893); *McAdoo v. Martin*, 24 Ga. App. 485 (101 SE 312); *Lumpkin v. State Hwy. Dept.*, 114 Ga. App. 145 (150 SE2d 266), affirmed, 222 Ga. 727 (152 SE2d 557).

(b) Lastly, no error was committed by the trial court in ordering the disbursement of the funds paid into the registry of the court as this money rightfully belongs to the landlord as compensation for the continued occupancy of the premises by appellants. To continue the withholding of this money or to return it to the tenants, whose own affirmative action caused the deposit into the court, would deprive the appellees, not the appellants, of their property without due process. Any defenses the appellants may have to the dispossessory warrants can only be litigated by their full and complete compliance with requirements of the eviction statute.

*Judgments affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED MARCH 2, 1970—DECIDED MARCH 11, 1970.

*Robert Dokson, Michael Terry, Michael D. Padnos,* for appellants.

*William H. Schroder, Sr., Allen E. Lockerman,* for appellees.