## 35801. GRIFFIN v. THE STATE.

UNDERCOFLER, Presiding Justice.

Appellant was convicted of murder and armed robbery. He was sentenced to two consecutive life sentences. He appeals. We affirm.

1. The jury was authorized to find the following facts from the evidence which included appellant's confession: Appellant and two co-conspirators planned to rob the victim; they pulled the distributor wires loose from the victim's truck while he was in an adjacent house; when he returned and was unable to start the truck, appellant walked with the victim "up the road" to a mechanic's house for help; the mechanic was not home; appellant and the victim walked back towards the truck; when almost there the two co-conspirators struck the victim on the

back of the head with metal rods; thereafter the victim was robbed; the victim died later from the blows. A rational trier of fact was authorized to find the appellant guilty of both counts beyond a reasonable doubt. *Jackson v. Virginia,* — U. S. — (99 SC 2781, 61 LE2d 560) (1979). There was no error in denying appellant's motions for directed verdicts.

2. Appellant cannot raise challenges to the grand and traverse juries for the first time in his motion for new trial. *Godfrey v. State,* 243 Ga. 302, 305 (253 SE2d 710) (1979); *Holsey v. State,* 235 Ga. 270, 271 (219 SE2d 374) (1975). See Francis v. Henderson, 425 U. S. 536 (1976).

3. We have reviewed the record and find no evidence requiring a charge on withdrawal from a conspiracy. Appellant originally claimed he was not part of any conspiracy and did not participate in the crime. His last confession states he conspired to rob the victim, was present when the victim was struck on the head. He stated at that time, "I said, I believe you done killed the man. I jumped off the road to the path and walked away."

4. There is no merit in appellant's contention that the jury was not properly instructed that they could find him guilty of one count and not the other. By agreement of counsel the jury returned a verdict of guilty of armed robbery and then further deliberated on the murder count after hearing from a tape a portion of certain testimony and the entire charge on murder. The charge is clear and from the manner of rendering the verdicts it is obvious the jury understood that they could find appellant guilty of either or both counts.

5. We find no error in the trial judge's charge on conspiracy nor that he gave an improper personal opinion in connection therewith.

*Judgment affirmed. All the Justices concur.*

Argued January 22, 1980 — Decided February 27, 1980.

*Donald W. Huskins,* for appellant.

*Joe Briley, District Attorney, Arthur K. Bolton, Attorney General, Nicholas G. Dumich, Staff Assistant*

*Attorney General,* for appellee.