D<small>ECIDED</small> N<small>OVEMBER</small> 16, 1982.

Ragsdale, Beals, Hooper & Seigler, Peter S. Wynkoop, John W. Ragsdale, Jr., for appellant.

Cotton, White & Palmer, Stacey W. Cotton, J. Michael Lamberth, for appellees.

### 39083. BURKE v. THE STATE.

W<small>ELTNER</small>, Justice.

Ola Mae Burke was convicted in Putnam for the murder of her husband, Walter Lee Burke, by shooting him with a pistol, and sentenced to life imprisonment. Her three enumerations of error present the single question of whether certain testimony adduced by the state impermissibly placed her character in evidence.

Mrs. Burke found her husband outside a local nightclub in conversation with a female friend. When he twice refused to reveal to her the nature of the conversation, Mrs. Burke pulled a pistol from her handbag and shot him, after first exclaiming, "I'm gonna kill you." She testified that she intended only to frighten him.

A City of Eatonton police officer testified that he had been a social acquaintance of Mr. and Mrs. Burke; that several months before the homicide he had gone to their home to play cards, and Mrs. Burke then told him that she had shot her husband, and that he was in the hospital; that the officer went to the hospital, determined that Mr. Burke was not in critical condition, then located Mrs. Burke and took from her the pistol used in that shooting.

We find no error.

Evidence of a crime wholly independent of the crime for which a defendant is tried is generally inadmissible, even though the independent crime may be of the same genre. *Bacon v. State,* 209 Ga. 261 (71 SE2d 615) (1952). However, evidence of an independent crime committed by the defendant is admissible for the purpose of showing, among other things, motive, plan, scheme, intent, or bent of mind where the logical connection between the independent crime and the charge for which an accused is tried is such that it fairly can be said that proof of the independent crime tends to prove the charge on

trial "other than by merely showing the bad character of the accused." *Johnson v. State,* 242 Ga. 649, 653 (3) (250 SE2d 394) (1978); *State v. Johnson,* 246 Ga. 654 (1) (272 SE2d 321) (1980).

The questioned testimony tended to show Mrs. Burke's bent of mind, specifically an intention to kill or grievously wound her husband. Its receipt for that purpose was not objectionable because it might also incidentally place her character in evidence. *Johnson v. State,* supra.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 16, 1982.

*Donald W. Huskins,* for appellant.

*Joseph H. Briley, District Attorney, Michael J. Bowers, Attorney General, Mary Beth Westmoreland, Assistant Attorney General,* for appellee.