### 42683. CLARK v. THE STATE.
(338 SE2d 269)

MARSHALL, Presiding Justice.

The appellant, Jackie D. Clark, was convicted of the murder of his wife, Martha E. Clark, a/k/a Beth Clark.[1] He was sentenced to life imprisonment. He appeals. We affirm.

The evidence showed that the appellant and the victim had been married for approximately two months at the time of the victim's death, and they lived in Chickamauga, Georgia. The victim worked as a dancer and waitress at the Night Haven Lounge, and the appellant, who was unemployed, had previously worked as a professional wrestler and body guard. The couple had marital difficulties.

During the evening of February 20, 1984, the victim, who was drinking heavily, informed the appellant that she wanted to leave him. The appellant persuaded her to go to bed that night and leave in the morning if she still was so inclined. However, she arose later that night. After having picked up a knife, she left the house clad only in a coat. The appellant retrieved a handgun, and he pursued her. There occurred a confrontation between the two of them in the vicinity of a neighbor's home, and this resulted in the appellant's shooting the victim twice, thereby killing her.

After the shooting, the appellant awakened his neighbor, informed him that he had injured his wife, relinquished his gun to the neighbor, and requested that the neighbor call the law. At the time, the appellant was not wearing any clothes. The neighbor testified that the appellant stated to him that, "It has been nice knowing you . . .

---

[1] The crime in this case occurred during the early morning hours of February 21, 1984. The appellant was indicted on May 8, 1984. The trial began on August 17, 1984. A motion for new trial was filed on August 20, 1984, and it was amended on July 16, 1985. The motion for new trial was denied on July 30, 1985. The notice of appeal was filed on August 26, 1985. The record was docketed in this court on September 17, 1985. The case was submitted for decision without oral argument on November 1, 1985.

I'm gone this time."

At trial, the appellant claimed justification and self-defense, arguing that he shot the victim because she was attacking him with the knife. However, there was evidence showing that, as one of the bullets entered the victim, she was turning away from the appellant and was at least 15 feet away from him. The other bullet entered the victim's forehead between her eyes and was fired from a distance of two to four inches. Although the appellant was treated for a superficial knife wound, neighbors who saw him immediately after the shooting of his wife did not notice any injuries. Large amounts of alcohol found in the victim's blood would have markedly reduced her motor functions.

In this appeal, the appellant asserts seven enumerations of error.

1. First, the appellant argues that the trial court erred in denying his motion to quash the indictment on the ground that, in violation of OCGA § 15-12-60 (b) (2), a convicted felon served on the grand jury indicting the appellant.[2]

OCGA § 15-12-60 (b) (2), supra, provides that any person who had been convicted of a felony and who has not been pardoned or had his civil rights restored is incompetent to serve as a grand juror. At the hearing conducted on the appellant's motion to quash, evidence was presented that a person serving on the grand jury indicting the appellant had been convicted of felonious assault in the State of Tennessee in 1954.

The appellant's objection to the convicted felon's serving on the grand jury was not meritorious for at least one of the following reasons. First, OCGA § 15-12-60 (b) (2), supra, was not enacted until 1976, and it has been held that this statute does not apply to convictions rendered prior to 1976. *Gunn v. State*, 245 Ga. 359 (1) (264 SE2d 862) (1980). Second, under the rule that one state will not enforce the penal laws of another state, it has been held that a juror convicted of a criminal offense in another state, or in the federal system, will not be disqualified as a juror in the absence of an express statute disqualifying such an individual as a juror for such reason. *Brady v. State*, 199 Ga. 566 (2) (34 SE2d 849) (1945). (However, it was noted in *Brady* that, at that time, there was no statute in this state rendering a person convicted of a crime, whether in Georgia or elsewhere, disqualified as a juror.)

2. Second, the appellant argues that the trial court erred in deny-

---

[2] The motion to quash the indictment was based on a special plea in abatement and challenge to the grand jury in propter delictum. A jury challenge "in propter delictum" is a for-cause challenge to the poll based on the fact that a juror has committed a crime. *Mitchell v. State*, 69 Ga. App. 771 (3) (26 SE2d 663) (1943). The state concedes that this challenge was timely, in that the appellant did not have notice and an opportunity to challenge the indictment on this ground prior to the return of the indictment. Cf. *Edwards v. State*, 121 Ga. 590 (2) (49 SE 674) (1905); *Mitchell v. State*, supra.

ing his motion challenging the array of the grand and petit juries.

The appellant's complaint is that Mr. Ralph Phillips served as a county jury commissioner notwithstanding the fact that he is employed by the county as a deputy sheriff and jury bailiff.[3] The appellant argues that Mr. Phillips' service as a jury commissioner contravened OCGA § 15-12-20 (a), which prohibits county officers from serving on the county board of jury commissioners.[4] The appellant also argues that, as a result of Mr. Phillips' service as a jury commissioner, the methods employed by the board of jury commissioners for the selection of the individuals composing the grand and petit jury lists resulted in the following: (1) the jury lists not being representative of a fair crosssection of the community; (2) all citizens of the community not having an opportunity to serve as grand and petit jurors; and (3) a systematic exclusion from jury service of individuals on account of their race, sex, income status, age, occupation, and transient status.

Two hearings were held on the appellant's jury challenge. The first hearing was held in May of 1984, which was approximately three months prior to the appellant's trial. The next hearing was held in May of 1985, which was approximately nine months after the appellant's trial. However, at the time of the second hearing, the grand and petit jury lists challenged by the appellant prior to his trial had been revised.

" 'A challenge to the array of grand jurors is waived unless timely filed. As stated in *Sanders v. State*, 235 Ga. 425 ((219 SE2d 768) (1975) (cert. den. 425 U. S. 976 (96 SC 2177, 48 LE2d 800) (1976))): "In order for such a motion to be entertained by the trial court, it must be made prior to the return of the indictment or the defendant must show that he had no knowledge, either actual or constructive, of such alleged illegal composition of the grand jury prior to the time the indictment was returned; otherwise, the objection is deemed to be waived. *Estes v. State*, 232 Ga. 703, 708 (208 SE2d 806) (1974). Accord, *McHan v. State*, 232 Ga. 470, 471 (2) (207 SE2d 457) (1974); *Simmons v. State*, 226 Ga. 110, 111 (1a) (172 SE2d 680) (1970); *Williams v. State*, 210 Ga. 665, 667 (82 SE2d 217) (1954)." ' *Tennon v. State*, 235 Ga. 594 (1) (220 SE2d 914) (1975); *Hamby v. State*, 243 Ga. 339 (1) (253 SE2d 759) (1979)." *Sullivan v. State*, 246 Ga. 426

---

[3] Mr. Phillips became employed by the county in 1978, and he was hired by the Walker County Commissioner of Roads and Revenues. His responsibilities consist of serving process in civil actions and serving as a grand and petit jury bailiff. He occasionally wears a deputy sheriff's uniform.

[4] OCGA § 15-12-20 (a) provides, "In each county there shall be a board of jury commissioners, whose members shall be discreet persons who are not practicing attorneys at law nor county officers, who shall be appointed by the chief judge of the superior court."

(271 SE2d 823) (1980).[5] A challenge to the array of the petit jury which is not raised until after the trial, likewise is not timely. *Griffin v. State*, 245 Ga. 345 (2) (265 SE2d 20) (1980). See *Smith v. Kemp*, 715 F2d 1459 (9-13) (11th Cir. 1983). It necessarily follows that evidence which is not introduced in support of a jury challenge until after the trial is not timely. Therefore, we consider only the evidence adduced at the first hearing in May of 1984.

The testimony introduced at the May 1984 hearing showed that the jury commissioners, in their most then-recent revision of the grand and petit jury lists, used voters lists, telephone directories, and lists of high school graduates in their selection of individuals to be placed on the grand and petit jury lists. They were given copies of the 1980 census, which contained breakdowns of the population based on race, age, and sex.[6] They were furnished with guidelines to be used so as to compile jury lists containing representative crosssections of the community. Because they were making a conscious effort to compile jury lists containing representative crosssections of the community, they did not select names through a random method. Each jury commissioner was primarily responsible for selecting names from the area in which he resided and with which he was therefore most familiar.[7]

The evidence introduced at the May 1984, hearing did not reveal any actual discrimination on the part of the jury commissioners in their selection of the grand and petit juries. And, from our review of the record, it does not appear that at trial the appellant established any significant disparity between the presence of any recognized class in the community and on the jury roles. In this appeal, the appellant does not state what the percentage disparities are. Therefore, we conclude that the appellant has not made out a prima facie case to support his jury challenge. E.g., *Barrow v. State*, 239 Ga. 162 (2) (236 SE2d 257) (1977).[8]

---

[5] Here, the trial court ruled that the appellant did have constructive knowledge of Mr. Phillips' service as a jury commissioner, since it was a matter of public record since his appointment in June of 1983. And, counsel was appointed to represent the appellant prior to the return of the indictment.

[6] It has not been shown, however, that age constitutes a recognizable class for purposes of jury selection. *Mooney v. State*, 243 Ga. 373 (7) (254 SE2d 337) (1979) and cits.

[7] At the 1985 hearing, Mr. Phillips testified that in the area in which he resided, which was Chickamauga, the 50% of the population with whom he was not acquainted was not considered for inclusion in the jury lists. He also testified that no effort was made to go out into the community and become acquainted with prospective jurors with whom he was not acquainted. See OCGA § 15-12-40 (1). And, he was influential in the selection of prospective jurors from other areas of the county. Finally, he testified that on a few occasions he had assisted the district attorney in selecting jurors from the petit jury panels to serve on trial juries. At the 1985 hearing, the state did not oppose the sustaining of the jury challenge asserted therein.

[8] However, we would not disagree that the evidence introduced at the May 1985 hearing did make out a prima facie case, thereby shifting the burden of proof to the state.

As previously stated, the appellant also argues that Mr. Ralph Phillips' service as a jury commissioner contravened the requirement of OCGA § 15-12-20, supra, that county officers not serve on the county board of jury commissioners. However, it has been held that a deputy sheriff is not a county officer. *Employees Retirement System v. Lewis*, 109 Ga. App. 476 (2a) (136 SE2d 518) (1964). See also Art. IX, Sec. I, Par. III (a) of the Georgia Constitution of 1983.[9] In addition, it has been held that, although a person may be disqualified from serving as a jury commissioner, the official acts of the jury cannot be collaterally attacked on the ground of such disqualification. *Wright v. State*, 124 Ga. 84, 85 (52 SE 146) (1905). Accord *Cox v. State*, 64 Ga. 375 (2) (1879). As held in *Wright v. State*, 124 Ga., supra at p. 85, "[A]lthough a person may be absolutely ineligible to hold any civil office whatever in this State, yet his official acts, while holding a commission as a public officer, are valid as the acts of an officer de facto. It is well settled that the acts of an officer de facto can not be collaterally attacked . . ."[10]

However, we do disapprove of the practice of appointing a deputy sheriff who is an employee of the sheriff as a jury commissioner, since, as an employee of the sheriff, his impartiality is questionable.

3. Third, the appellant argues that the trial court erred in refusing to instruct the jury on the doctrine of retreat.

As held in *Johnson v. State*, 253 Ga. 37, 39 (315 SE2d 871) (1984), "where self-defense is the sole defense, and the issue of retreat is raised by the evidence or placed in issue, the defense is entitled to a charge on the principles of retreat as set forth in *Glover* [*v. State*, 105 Ga. 597 (3) (31 SE 584) (1898)]." Here, the appellant argues that the state placed the doctrine of retreat in issue by asking the appellant, on cross-examination, whether he had attempted to knock the knife out of the victim's hand, or to grab her, or to stop her from slashing him. However, as in *Johnson*, the state did not ask the additional

---

[9] Under this provision of the Georgia Constitution, the only constitutional county officers are the clerk of the superior court, judge of the probate court, sheriff, tax receiver, tax collector, and tax commissioner (where such office has replaced the tax receiver and tax collector). It has been held that individuals who are not county officers within the meaning of this state constitutional provision, likewise, are not county officers within the meaning of the statute disqualifying a county officer from service as a jury commissioner. *McLain v. State*, 71 Ga. 279 (3) (1883). Accord *Powers v. State*, 172 Ga. 1 (6) (157 SE 195) (1930).

[10] Coincidentally, *Wright* involved the question of whether a justice of the peace is a county officer. In *Wright*, a challenge had been made to the array of the petit jury on the ground that the county justice of the peace had served as a jury commissioner, in violation of the statutory provision prohibiting county officers from serving on the board of jury commissioners. The court in *Wright* held that, assuming for the purposes of that decision that a justice of the peace was a county officer, the jury challenge was properly denied because of the rule concerning de facto officials. However, in *Employees Retirement System v. Lewis*, 109 Ga. App., supra at p. 480, *Davis v. Mercer*, 48 Ga. App. 191, 192 (172 SE 669) (1934), was cited as holding that a justice of the peace is not a county officer.

question as to why the appellant did not leave or run away rather than fire the gun. We thus conclude that the state did not place the doctrine of retreat in issue.

4. Fourth, the appellant argues that the state impermissibly placed his character in issue by introducing evidence that in 1978 he had shot his former wife in the shoulder with a pistol, that he pleaded guilty to a charge of simple assault, and that he received a suspended sentence.

"Both the prior incident and the crime on trial involved acts of violence by [appellant] towards his wives, stemming from marital difficulties. The prior incident was admissible to show malice, intent, motive and bent of mind. *Gentry v. State*, 250 Ga. 802 (1) (301 SE2d 273) (1983); *Burke v. State*, 250 Ga. 235 (297 SE2d 247) (1982)." *Walker v. State*, 254 Ga. 149, 152 (3) (327 SE2d 475) (1985).

5. In the fifth and sixth enumerations of error, the appellant complains of the following: The trial judge gave an instruction to the jury on the offense of felony murder. In addition, in regard to the appellant's defenses of justification and self-defense, the jury was repeatedly instructed that a person is justified in using such force as a person reasonably believes is necessary to prevent the commission of a forcible felony or felonious assault. After the instructions to the jury had been completed, defense counsel excepted to the charge on felony murder. The jury returned to the courtroom, and the trial judge instructed them to disregard the charge on felony murder, since there was "no evidence that any felony was committed in this case, or was being committed while the shooting took place."

The appellant argues that the foregoing statements by the trial judge to the jury had the effect of removing from the jury's consideration the appellant's defenses of justification and self-defense. We disagree. The only reasonable interpretation to be placed on the complained-of statements of the trial judge is that there was no evidence of a felony to support the felony-murder charge, not that there was no evidence of a felony to support the appellant's defenses of justification and self-defense.

6. The evidence was sufficient to authorize a rational trier of fact in finding the appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur, except Hill, C. J., and Weltner, J., who concur in the judgment only.*

DECIDED JANUARY 8, 1986 —
RECONSIDERATION DENIED JANUARY 28, 1986.

*William David Hentz, William Ralph Hill, Jr.,* for appellant.
*David L. Lomenick, Jr., District Attorney, David J. Dunn, Jr.,*

*Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Staff Assistant Attorney General,* for appellee.